**UNITED STATES of America, Appellee,**

v.

**MESSERLIAN, Harry H., Appellant.**

**No. 86–5323 (C–160).**

United States Court of Appeals,
Third Circuit.

June 16, 1986.

As Amended June 25, 1986.

William Bradford Reynolds, Asst. Atty. Gen., Walter W. Barrett, Irving Gornstein, Dept. of Justice, Washington, D.C., for appellee.

Matthew P. Boylan, Theodore V. Wells, Jr., Robert L. Krakower, Lowenstein, Sandler, Brochin, Kohl, Fisher, Boylan & Meanor, Roseland, N.J., for appellant.

Before HUNTER, GARTH and MANSMANN, Circuit Judges.

### OPINION OF THE COURT

GARTH, Circuit Judge:

The defendant, Harry H. Messerlian, was convicted after trial and sentenced to ten years imprisonment. The district court denied bail pending appeal. We are asked to review that order.

Messerlian, a New Jersey State Trooper, was convicted by a jury of willfully depriv-

---

ing Joseph Topolosky of his constitutional right to liberty without due process of law by beating him to death in violation of 18 U.S.C. § 242 (Count I); of conspiracy to obstruct justice in an effort to cover up the circumstances surrounding Topolosky's death, in violation of 18 U.S.C. § 371 (Count II); and of falsely testifying before a federal grand jury that he, Messerlian, had not in fact struck Topolosky around the head and neck with his flashlight, in violation of 18 U.S.C. § 1623 (Count III).

Following his conviction and the filing of post-trial motions, Messerlian moved before the district court for bail pending appeal. pursuant to 18 U.S.C. § 3143(b). Applying the four-part standard established by *United States v. Miller*, 753 F.2d 19 (3d Cir. 1985), the district court expressly found that Messerlian posed no risk of flight or immediate danger to the community, and that Messerlian's appeal was not taken for purposes of delay. District Court op. at App. 441a. Nevertheless, the district court denied Messerlian bail on the ground that Messerlian's proposed appeal presented no substantial legal issues which, if determined favorably to Messerlian, would be likely to result in reversal of his conviction or an order for a new trial. District Court op. at App. 444a.

On May 13, 1986, Messerlian was sentenced by the district court to concurrent terms of ten years imprisonment on Count I, three years imprisonment on Count II, and three years imprisonment on Count III.[1] The district court's original commitment order provided that Messerlian should voluntarily surrender on or before May 29, 1986 to the designated penal institution. However, the district court further provided that if the location of the penal institution to which Messerlian would be incarcer-

ated were established sooner, Messerlian would be obligated to surrender on May 22, 1986. Upon determining where he would be assigned to serve his term of imprisonment, Messerlian was informed by letter that he was to report for confinement by noon on May 22, 1986.

Messerlian moved before the district court for a stay of the district court's order denying him bail pending appeal. The district court denied Messerlian's motion and ordered that Messerlian surrender to federal authorities by noon on May 22, 1986. While Messerlian was en route to prison, Messerlian's newly retained appellate counsel moved before Judge Leonard I. Garth, as a single judge of this court, for a stay of the district court's order denying bail pending appeal. In an order issued May 22, 1986, the district court's order denying bail pending appeal was stayed until further action by a three-judge panel of this court.

Exercising our responsibility to "independently determine" whether Messerlian is entitled to bail pending appeal, *United States v. Smith*, 793 F.2d 85, at 87 (3d Cir.1986); *United States v. Strong*, 775 F.2d 504, 505 (3d Cir.1985); *United States v. Delker*, 757 F.2d 1390, 1399–1400 (3d Cir.1985), we conclude that the district court erred in finding that Messerlian's appeal of his conviction fails to raise a substantial issue. Accordingly, we vacate the district court's order denying Messerlian bail, and remand to the district court for proceedings consistent with this opinion.

## I.

In order for a convicted defendant to obtain bail pending appeal pursuant to 18 U.S.C. § 3143(b)[2], the defendant has the burden of establishing

---

**1.** Messerlian filed a notice of appeal in this court of his judgment of conviction and sentence on May 19, 1986.

**2.** The Bail Reform Act of 1984 provides in relevant part that a defendant shall be released on bail pending appeal if the court finds
(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the

community if released pursuant to section 3142(b) or (c); and
(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.
18 U.S.C. § 3143(b).

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Miller,* 753 F.2d 19, 24 (3d Cir.1985)

In responding to Messerlian's appeal, the government does not contend that Messerlian poses a threat of flight or danger to the community or that his appeal has been raised for purposes of delay. Thus, the sole issue before us is whether Messerlian's appeal on the merits raises a substantial issue which, if determined favorably to Messerlian, would result in reversal of his conviction or a new trial.

This court recently elaborated upon the question of what constitutes a substantial issue on appeal in *United States v. Smith,* 793 F.2d 85 (3d Cir.1986). We realize that the district court did not have the benefit of our decision in *Smith* at the time it was called upon to determine the bail question.

In *Smith,* we discussed two interpretations of the meaning of "substantial issue" which have been developed by other courts of appeals. In *United States v. Giancola,* 754 F.2d 898 (11th Cir.1985), the Eleventh Circuit concluded that a substantial question is a " 'close' question or one that very well could be decided the other way." 754 F.2d at 901. The *Giancola* modification of *Miller* has been adopted by the First, Second, Fifth, Sixth, Seventh, and Tenth Circuits. In *United States v. Handy,* 761 F.2d 1279, 1281–82 (9th Cir.1985), on the other hand, the Ninth Circuit concluded

that a substantial question is one that can be characterized as "fairly debatable."

In announcing the judgment of the court in *Smith,* Judge Mansmann, with District Court Judge Pollak concurring in the choice of standard, but dissenting as to its application,[3] adopted the *Handy* "fairly debatable" standard. Judge Hunter, who agreed that bail should be denied, but who dissented from the *Handy* formulation of "substantial issue", advocated adoption of the *Giancola* "close question or one that is very likely to be decided the other way" standard.

 In the present appeal, we are bound by *Smith.* However, under either the *Giancola* or *Handy* standard, we are satisfied that Messerlian has presented substantial issues on appeal within the formula of *Smith.* The briefs prepared by his present counsel pursuant to an expedited briefing schedule have satisfied us that Messerlian has raised substantial issues which are not only "fairly debatable" (*see Smith* and *Handy supra*), but which are also "close" (*see Giancola supra*), as to the manner in which the jury was instructed on the relevant law on the issue of specific intent under 18 U.S.C. § 242. In his motion before us Messerlian contends that the district court's charge to the jury failed to distinguish between the use of excessive force with an intent to inflict summary punishment, which Messerlian claims would constitute a constitutional violation, and the mere intentional use of excessive force caused by over-reaction or excessive zeal, which Messerlian argues would not be a violation of 18 U.S.C. § 242. Messerlian calls our particular attention to the district court's discussion of its proposed jury charge during the charging conference, where the district court stated it would not distinguish "between [mere] excessive force and [a] federal constitutional violation." App. 831–32; 963–64.

---

**3.** In applying the *Handy* standard to the facts of *Smith,* which involved a constitutional attack on Federal Rule of Criminal Procedure 23(b) authorizing a jury of less than twelve jurors, Judge Pollak would have granted bail pending appeal.

Moreover, evidence disclosed to the defense after trial that the Philadelphia Medical Examiner, Dr. Marvin Aronson, might have testified that an earlier car accident between Topolosky's automobile and another vehicle caused the injuries which resulted in Topolosky's death, presents substantial issues on appeal. In a fifty-five page opinion, the district court examined, and ultimately rejected, Messerlian's post-trial contentions that the government's failure to reveal Dr. Aronson's allegedly exculpatory testimony to the defense violated Messerlian's right to a fair trial under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and Federal Rule of Criminal Procedure 16. Further, the district court held that Dr. Aronson's proposed testimony did not constitute new evidence which might have affected the jury's verdict. Therefore, the district court denied Messerlian's motion for a new trial on the basis of newly discovered evidence.

We believe that Messerlian's appeal of the district court's ruling on these issues raises substantial legal questions within the teachings of *Miller* and *Smith* which could affect all three counts upon which Messerlian was convicted. In reaching this conclusion, we expressly intimate no views with respect to the merits of Messerlian's appeal on these issues. We do no more than decide that within the meaning of 18 U.S.C. § 3143(b), as construed by *Miller* and *Smith*, the issues which Messerlian will raise on appeal are sufficiently substantial to satisfy the requirements of that statute. Under *Smith* and *Handy*, they are "fairly debatable". Under *Giancola*, they are "close" questions of law.

Accordingly, we will vacate the district court's order denying bail and we will remand the determination of bail conditions to the district court so that the district court may determine what, if any, conditions of release are required to assure Messerlian's presence pending this court's determination of his appeal on the merits.

In this connection, we note that when the district court order was stayed until further action by a panel of this court, the government represented to Judge Garth, as a single judge, that it had no objection to Messerlian continuing to remain free on his own recognizance pending this panel's decision on Messerlian's motion for bail pending appeal. It will be for the district court to determine in the first instance whether that condition remains sufficient within the requirements of the Bail Act pending Messerlian's appeal on the merits.

The district court's order of May 13, 1986 will be vacated, and the issue of bail pending appeal will be remanded to the district court for proceedings consistent with this opinion.[4]

---

**4.** In so remanding to the district court for the limited purpose of setting conditions of bail, this court does not relinquish its jurisdiction over Messerlian's appeal on the merits.