UNITED STATES of America

v.

William KALE.

Crim. No. 86–50.

United States District Court,
E.D. Pennsylvania.

Jan. 9, 1987.

Terri A. Marinari, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Elizabeth K. Ainslie, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

On September 15, 1986, I sentenced defendant to: 1) ten years imprisonment and a $10,000 fine for aiding and abetting the bribery of a public official, 18 U.S.C. § 201(b); and 2) suspended imprisonment and placed him on five years probation for conspiring to defraud the United States, 18 U.S.C. § 371. Defendant now moves for bail pending appeal.

A defendant can not be released on bail pending appeal unless he establishes:

1. that he is not likely to flee or pose a threat to the community or any person;

2. that the appeal is not brought for purposes of delay;

3. that the appeal raises a substantial question of law or fact; and

4. that a decision in favor of defendant on appeal is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed. 18 U.S.C. § 3143(b). *See United States v. Messerlian,* 793 F.2d 94, 95 (3d Cir.1986).

In response to defendant's motion, the government has conceded that defendant has met the first two elements. Thus, the defendant must establish that his appeal raises a "substantial question" which, if decided in his favor, is likely to result in reversal or a new trial on the count for which he was sentenced to a term of imprisonment. A question is not "substantial" unless it is significant and a "fairly debatable" question. *See Messerlian, supra; United States v. Smith,* 793 F.2d 85 (3d Cir.1986).

The indictment in this case was returned on February 4, 1986, and was subject to the usual five-year statute of limitations set forth in 18 U.S.C. § 3282. Count II charged that from June, 1980, until December, 1982, the defendant aided and abetted the offering and giving of a bribe to a public official, Irving Suval, so he would ignore his duty to audit certain tax returns. The government's evidence showed that in December, 1980, the defendant discussed with Charles Toll, who had submitted the tax returns, the payment of a $65,000 bribe. Within the five-year statute of limitations, Toll made installment payments totalling $65,000 to Suval. Suval, in turn, remitted a percentage of this amount to the defendant.

The defendant contends that his conviction on this count cannot stand because the act which constituted aiding and abetting, making arrangements for Toll to pay and Suval to receive the bribe, took place beyond the statute of limitations period. Defendant asserts that whatever he may have done thereafter could not have constituted aiding and abetting the bribing of Suval because his part in the scheme was complete. In effect, Kale is asserting that he was merely reaping where he had already sown and that he is charged with sowing and not reaping.

■ Appealing as this argument may be superficially, it does not withstand analysis. The statute of limitations did not begin to run for Kale's aiding and abetting until Toll had made his last payment, or had made his last promise to make a payment to Suval. *See United States v. Erb*, 543 F.2d 438, 446 (2nd Cir.), *cert. denied*, 429 U.S. 981, 97 S.Ct. 493, 50 L.Ed.2d 590 (1976). This follows because proof of the underlying offense is one of the essential elements required to prove aiding and abetting, *United States v. Dixon*, 658 F.2d 181, 189 n. 17 (3d Cir.1981), and the statute does not begin to run until a crime has been completed. Aiding and abetting and the

underlying offense are inseparable. For example, there is jurisdiction over the aider and abettor where the substantive crime was committed even though he may never have been there. *United States v. Buckhanon*, 505 F.2d 1079 (8th Cir.1974). One can be guilty of aiding and abetting even if he lacks the capacity to be guilty as a principal. Thus, the customer of a bank could not violate 18 U.S.C. § 656, which prohibits embezzlement by the employee of a bank, but the customer could be guilty of aiding and abetting. *United States v. Tokoph*, 514 F.2d 597, 602 (10th Cir.1975).

■ Defendant next contends that count II is fatally duplicitous because it charges him with committing acts of aiding and abetting over a two year period, a portion of which was beyond the statute. He contends that the acts for which the jury found him guilty may have occurred before February 4, 1981, and therefore could not have served as an appropriate basis for conviction. I find that defendant's duplicity argument does not raise a substantial question for two reasons. First, pursuant to Fed.R.Crim.P. 12(b)(2), a charge of duplicity is waived unless it is raised before the case is submitted to the jury. *See United States v. Ellis*, 595 F.2d 154 (3d Cir.1978), *cert. denied*, 444 U.S. 838, 100 S.Ct. 75, 62 L.Ed.2d 49 (1979). Second, count II is not duplicitous on its face.[1] To the extent that the statute of limitations intervened to bar a conviction based upon Kale's actions prior to February 4, 1981, Kale was protected by my charge that he could not be convicted of aiding and abetting unless at least one payment or promise to pay a bribe occurred within the limitations period. *United States v. DiSalvo*, 631 F.Supp. 1398 (E.D. Pa.1986). *See generally* 8 *J. Moore, Moore's Federal Practice* ¶ 8.04[2]. There was no error. If there was, its effect was cured. If it was not cured it was waived.

In light of the decision in *United States v. Erb, supra*, none of the issues raised

---

1. It is well settled that while 18 U.S.C. § 201(b) can be violated by either offering, promising or giving a bribe, a count is not duplicitous because it charges all three means of violating § 201(b) in the conjunctive. *United States v. Lubomski*, 277 F.Supp. 713 (N.D.Ill.1967); *United States v. Raff*, 161 F.Supp. 276 (M.D.Pa.1958).

with regard to count II present a substantial question likely to result in reversal or a new trial.

Defendant was not sentenced to a term of imprisonment on the conspiracy charge; therefore, a reversal of this conviction will not affect his term of imprisonment. 18 U.S.C. § 3143(b). Nevertheless, I find that defendant has not raised a significant and "fairly debatable" question of law or fact regarding his conspiracy conviction. Defendant asserts that the conspiracy count charged him with participation in two separate conspiracies. It is well settled that a conspiracy with a single objective may be implemented by multiple means and remain a single conspiracy. *Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942); *United States v. Schurr*, 775 F.2d 549 (3d Cir. 1985), *aff'd on rehearing*, 794 F.2d 903 (3d Cir.1986). In the conspiracy count, defendant and Charles Toll were charged with conspiring to defraud the United States from March, 1979, through September, 1983, by unlawfully affecting income tax examinations and by defrauding the United States out of money in connection with these examinations. The conspiracy included the payment of two bribes in return for the submission of fraudulent examinations on certain returns for 1977–78 and 1979–80. Moreover, the evidence presented by the government demonstrated that the defendant adjusted the 1977–78 audits so that the returns carried over to the 1979–80 returns in order to keep those examinations in the control of the conspirators. (N.T. 2.51). Although Kale and Suval may have shifted roles over the period of the conspiracy, there was a common goal and pattern of activity: they shared bribes from Toll in return for seeing to it that tax returns submitted by Toll were not properly audited. It was a single conspiracy.

Defendant also contends that there was insufficient evidence to show that any overt acts in furtherance of the conspiracy occurred within the limitations period. However, the government presented evidence that the second bribe was paid to defendant in the limitations period, that he discussed the fraudulent examination with Charles Toll in May, 1981, and that the 1979 and 1980 returns were examined during the limitations period. (N.T. 2.61, .69, .77, .78, 3.127). *See Schurr*, 794 F.2d at 908–09 (payment of a bribe can constitute an overt act in furtherance of a conspiracy). Finally, the jury was instructed that defendant could not be convicted on the conspiracy count unless an act in furtherance of the conspiracy occurred within the limitations period, and there was evidence to support the jury's finding in this regard.

In view of the defendant's failure to present any "fairly debatable" question in support of his post-trial motions, bail must be refused.