UNITED STATES of America, Plaintiff,

v.

Alfonso A. BALLARD, Defendant.

Crim. A. No. 94–55 MMS.

United States District Court,
D. Delaware.

Jan. 19, 1995.

Patricia C. Hannigan, Asst. U.S. Atty., Dept. of Justice, Wilmington, DE, for plaintiff.

Penny Marshall, Federal Public Defender, Wilmington, DE, for defendant.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

### INTRODUCTION

Before the Court is defendant Alfonso A. Ballard's Motion for Release Pending Appeal

and Stay of Commitment and the government's response thereto. For the reasons stated below, the Court will deny defendant's motion.[1]

## FACTUAL BACKGROUND

On October 20, 1994, a jury convicted defendant on 22 counts of knowingly and willfully making fraudulent statements to the United States Railroad Retirement Board, in violation of 18 U.S.C. § 1001. On December 29, 1994, the Court sentenced defendant to a term of 16 months imprisonment followed by a three year period of supervised release. Additionally, the Court imposed $10,000 in restitutionary relief payable to the victims of defendant's fraud. The Court further ordered that defendant voluntarily surrender and report to the appropriate Bureau of Prisons facility on January 19, 1995. This date was extended to January 26, 1995 because of the failure of the Bureau of Prisons to designate an institution to which defendant should self-report.

Defendant filed a timely notice of appeal of his sentence with the Third Circuit Court of Appeals on January 5, 1995, and filed the instant motion on January 13, 1995.

## DISCUSSION

■■■■ The Court considers defendant's Motion for Release Pending Appeal and Stay of Commitment pursuant to the Bail Reform Act of 1984, which provides:

b) Release or detention pending appeal by the defendant.—(1) Except as provided in subparagraph (B)(iv) of this paragraph, the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). Under this statute, during the post-conviction period, there is a statutory presumption in favor of detention. *United States v. Miller,* 753 F.2d 19, 22 (3d Cir.1985). Defendant bears the burden of proof on the § 3143(b)(1)(A) issues of flight and risk of danger to the community. Fed. R.Crim.Proc. 46(c); *United States v. Messerlian,* 793 F.2d 94, 95–96 (3d Cir.1986). In this case, the United States has conceded that the defendant poses no risk of flight or danger to the community. Docket Item ("D.I.") 35 ¶ 4.

Defendant also has the burden of establishing the remaining statutory factors enumerated in § 3143(b)(1)(B). *United States v. Messerlian,* 793 F.2d at 95–96 (3d Cir.1986). On the issue of delay, the Court agrees with the United States that defendant's motion is "nothing more than an effort to delay the inevitable." D.I. 35 ¶ 9. Nevertheless, for purposes of analysis, the Court will assume *arguendo* that defendant has not brought his appeal as a mere dilatory tactic. To overcome the statutory presumption in favor of detention, therefore, defendant must establish that his appeal presents a substantial question of law or fact likely to result in reversal, new trial, or reduction in his sentence.

■■■ In his Motion for Release Pending Appeal and Stay of Commitment, Ballard purports to base the appeal of his sentence on two grounds; first, "the evidence was not sufficient for conviction." D.I. 34 ¶ 6. Because the Court finds that there was more than substantial evidence to convict in this case, defendant's first ground for appeal does

---

1. Under 18 U.S.C. § 3143(b) and Fed.R.App. Proc. 9(b), the Court must "state in writing the reasons" for denying defendant's Motion for Release Pending Appeal and Stay of Commitment.

not deserve lengthy discussion. As demonstrated in both the trial record and trial exhibits, the government presented both testimonial and substantial documentary evidence of defendant's repeated violations of 18 U.S.C. § 1001. The overwhelming weight of the evidence showed that in continuing conduct spanning 14 months, defendant knowingly and willfully filed periodic fraudulent claims for federal railroad disability benefits, while concealing his simultaneous and productive full time employment at a non-railroad employer.

■ Defendant's second ground for appeal, however, warrants a more detailed analysis. Ballard, through his assistant federal public defender, contends that "a reversal is warrant [sic] because the jury revealed how it was split numerically to the Court." D.I. 34 ¶ 6. Reconstruction of the relevant events on this issue shows that on October 19, 1994, the jury heard closing arguments from counsel and was charged as to the substantive law of the case and its duties as jurors to, *inter alia*, deliberate and reach a unanimous verdict. Along with four written copies of the Court's charge, the jury retired at 12:10 p.m. to the jury room to deliberate.

Later that afternoon, at 4 p.m., the Court received a note from the jury foreperson, revealing the jury's numerical division and inquiring what to do about the seeming lack of progress towards unanimity. Out of the hearing of the jury, the Court promptly conferred with counsel for both parties and discussed the gist of the jury's note without revealing to counsel the actual numerical split.[2] After denying defendant's motion for a mistrial, the Court reread to the jury the portion of the charge instructing the jury, in pertinent part, to

> consult with one another and to deliberate with a view of reaching agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-

examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

At 4:10 p.m., the jury was again dispatched to the jury room for further deliberation. The Court dismissed the jury at 5:05 p.m. for the day, with deliberations to resume at 10 a.m. the following morning.

During these morning deliberations, the jury submitted one additional note to the Court, the contents of which are not raised in the instant matter. At 12:35 p.m., the jury indicated it had reached a unanimous verdict. The Court reconvened and the jury presented its verdict of guilty on all counts. A poll of each juror in sequence verified the unanimous verdict.

Defendant now challenges the Court's recharging the jury following disclosure of its numerical division as causing prejudicial error, and argues that this issue involves a "substantial question of law or fact" fulfilling the statutory requirements of § 3143(b)(1)(B)(i)–(iv), *supra.*

■ The Third Circuit Court of Appeals has held that a "substantial question of law or fact" is one which is significant, implicating an issue which is either novel, previously undecided by controlling precedent, or "fairly doubtful." *United States v. Miller,* 753 F.2d 19, 23 (3d Cir.1985). This definition was illuminated further in *United States v. Smith,* 793 F.2d 85, 88–89 (3d Cir.1986), *cert. denied,* 479 U.S. 1031, 107 S.Ct. 877, 93 L.Ed.2d 832 (1987), which required a defendant to show that the issues presented on appeal were not only significant, but also were "debatable among jurists of reason" or deserving "encouragement to proceed further." *Id.* at 89. (Mansmann, J., announcing the judgment of the court, joined by Pollak, J., dissenting as to the result). Accordingly, the substantiality of a question must be determined on a case-by-case basis.

---

**2.** The Court ordered that the jury's note divulging its split be sealed immediately. The Court found it unnecessary during the trial, as now, to base its substantive analysis on the exact mathematical division of the jury vote; therefore the note will remain under seal.

*Id.* Thus, even in the absence of controlling precedent, or the presence of novelty or doubt, a question presented on appeal may not meet the substantiality requirement of § 3143(b). *Id.*

Although the Third Circuit appellate court has never squarely addressed in a criminal context whether unsolicited disclosure by the jury of its precise numerical division mandates automatic reversal of a subsequent verdict or new trial, other circuits have unanimously held that it does not. *See United States v. Parsons,* 993 F.2d 38 (4th Cir.), *cert. denied* —— U.S. ——, 114 S.Ct. 266, 126 L.Ed.2d 218 (1993) (not reversible error to allow jury to reach verdict following disclosure of numerical split); *United States v. Lash,* 937 F.2d 1077, 1086 (6th Cir.), *cert. denied, Ross v. United States,* 502 U.S. 949, 112 S.Ct. 397, 116 L.Ed.2d 347 (1991) (same); *United States v. Hotz,* 620 F.2d 5, 7 (1st Cir.1980) (same); *United States v. Warren,* 594 F.2d 1046, 1049 (5th Cir.1979) (same) *United States v. Gabriel,* 597 F.2d 95, 100 (7th Cir.), *cert. denied,* 444 U.S. 858, 100 S.Ct. 120, 62 L.Ed.2d 78 (1979) (same); *United States v. Robinson,* 560 F.2d 507, 517 (2d Cir.1977), *cert. denied,* 435 U.S. 905, 98 S.Ct. 1451, 55 L.Ed.2d 496 (1978) (same). The Third Circuit has allowed a jury in a *civil* case to deliberate to verdict after the jury informed the court and counsel of its 11 to 1 vote. *See Maloney v. Tunnell,* 218 F.2d 705, 710–711 (3d Cir.1955).

The overriding concern of these courts in evaluating a trial court's handling of disclosure of a jury's numerical division is possible court-induced coercion of the jurors voting in the minority to change their vote. *Cf. Brasfield v. United States,* 272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345 (1926) (affirmative inquiry by a trial judge into how a jury was divided was coercive and required reversal). Here, the numerical revelation sprang from the jury without any inducement by the Court. Although defendant argued at trial that recharging the jury would be unduly coercive to any jurors in the minority, other circuits have approved a supplemental or repeated charging procedure as appropriate, with the caveat that the instruction not focus on the minority or exhort the minority to question

the soundness of its reasons for being in the minority. *See e.g., Maloney v. Tunnell,* 218 F.2d 705, 710–711 (3d Cir.1955); *United States v. Lash,* 937 F.2d 1077, 1086 (6th Cir.1991); *United States v. Gabriel,* 597 F.2d 95, 100 (7th Cir.1979).

Mindful of these principles, the Court preserved the neutrality of its charge, taking great care to avoid pressuring any juror into surrendering his or her "honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict." The fact of the jury's further deliberation for three hours before reaching its verdict is also strong indication that any coercive effect, if at all, was minimal. *United States v. Robinson,* 560 F.2d at 517–18 (2d Cir.1977), *cert. denied,* 435 U.S. 905, 98 S.Ct. 1451, 55 L.Ed.2d 496 (1978).

In contradistinction, acceptance of defendant's argument, absent coercion upon the minority voting jurors, would require extending a prophylactic rule designed to protect the jury from coercion into a rule requiring *per se* reversal if the jury reveals its numerical division. *United States v. Lash,* 937 F.2d 1077 (6th Cir.1991) (citations omitted). No circuit has countenanced the expansion of *Brasfield* to this distended boundary. Absent coercion by the Court on only the minority voting jurors, voluntary disclosure of a jury's numerical division, unsolicited by the Court, has been universally held to be harmless error.

Because of the unanimity among the circuits as well as the harmlessness in the jury error, the Court finds that the issue presented by defendant Alfonso A. Ballard in his appeal is neither "fairly debatable" among jurists nor significant enough to meet the substantiality requirement of 18 U.S.C. § 3143(b). Defendant has therefore failed to rebut the statutory presumption in favor of detention; his Motion for Release Pending Appeal and Stay of Commitment will be denied.