**UNITED STATES**

**v.**

**Curtis STRONG.**

**No. 85–3559.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 4, 1985.

Decided Oct. 11, 1985.

As Amended Oct. 24, 1985.

Adam O. Renfroe, Jr., Philadelphia, Pa., for petitioner, Curtis Strong.

J. Alan Johnson, U.S. Atty., Constance M. Bowden, Asst. U.S. Atty., Pittsburgh, Pa., for respondent, U.S.

Before WEIS, SLOVITER, and STAPLE-TON, Circuit Judges.

**OPINION SUR MOTION FOR BAIL PENDING SENTENCING**

SLOVITER, Circuit Judge.

**I.**

Curtis Strong, the petitioner, has moved this court for an order of release pending sentencing following his conviction on elev-

en counts of narcotics offenses. Strong initially presented his application for release in the United States District Court for the Western District of Pennsylvania, which denied the motion. He resubmitted it to this court. Our power to entertain such a motion is explicitly provided for in 18 U.S.C. § 3141(b) which states: "A judicial officer ... of a Federal appellate court, shall order that, pending imposition or execution of sentence ... a person be released or detained pursuant to the provisions of this chapter."

■ In ruling on bail, a court of appeals should "independently determine" such applications because of the crucial nature of the defendant's liberty interest and the "clear public interest" that is at stake. *United States v. Delker*, 757 F.2d 1390, 1399–1400 (3d Cir.1985), *quoting* S.Rep. No. 225, 98th Cong., 1st Sess. [2d Sess.] at 30 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad.News at 33 (Supp. 9A) [3213]. *Accord United States v. Bayko*, 774 F.2d 516 (1st Cir.1985). At the same time, we cannot disregard the trial judge's supporting statement of reasons, both because it is mandated under Fed.R.App.P. 9(a) and because the trial court has firsthand experience with the defendant and the crime. We have balanced these competing factors in articulating the following standard: "[A]ppellate courts [should] give the reasons articulated by trial judges respectful consideration, but if, after careful assessment of the trial judge's reasoning, together with such papers, affidavits, and portions of the record as the parties present, the court of appeals independently reaches a conclusion different from that of the trial judge the court of appeals has the power to amend or reverse a detention or release decision." *United States v. Delker*, 757 F.2d at 1400. This standard, initially formulated in a case involving an appeal from a bail determination by the district court, is equally applicable to motions for release filed in this court.

## II.

Following a jury trial that lasted from September 3, 1985 to September 20, 1985,

Curtis Strong was found guilty of eleven counts of distributing and possessing with the intent to distribute cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). Strong had been at liberty during the course of the trial. Immediately following the return of the verdict, the trial court revoked his bail, and, after a detention hearing on September 23, 1985, denied Strong's motion for reinstatement of bail pending sentencing. Sentencing is scheduled for October 21, 1985.

The Comprehensive Crime Control Act of 1984 sets forth different standards for release on bail for defendants who are pending trial, who have been convicted and are awaiting sentence, and who have been sentenced and are pending appeal. Bail for a defendant who is pending sentence, such as Strong, is governed by the following provision:

§ 3143.

(a) Release or detention pending sentence.

The judicial officer shall order that a person who has been found guilty of an offense and who is waiting imposition or execution of sentence, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c). If the judicial officer makes such a finding, he shall order the release of the person in accordance with the provisions of section 3142(b) or (c).

18 U.S.C. § 3143(a).

■ Unlike a defendant who has not yet been convicted and for whom the statute gives a presumption for bail except in certain circumstances, *see* 18 U.S.C. § 3142(b), once a defendant has been convicted, albeit not yet sentenced, the burden shifts to defendant. The court "shall order" detention unless defendant shows by "clear and convincing evidence" that (1) s/he is not likely to flee or (2) pose a danger to the safety of the community or any person therein if released.

The district court concluded that Strong had met his burden of satisfying the first factor, finding that "there are conditions of release which reasonably would assure that [Strong] would not likely flee." However, the court concluded that Strong had failed to establish the second factor, *i.e.* that he would not pose a danger to the safety of the community if he should be released. The court based this conclusion on the following facts and findings:

1. The jury had found beyond a reasonable doubt that Strong was engaged in the sale of cocaine from June 13, 1980 through April 12, 1983.

2. That one who engages in the business of selling cocaine presents a danger to the community.

3. That it was fair to conclude from the jury's verdict that Strong had a source of supply of cocaine and the ability and inclination to distribute it for a profit.

4. That while the jury did not find beyond a reasonable doubt that Strong had distributed cocaine beyond April 12, 1983, there was sufficient evidence for the court to find that Strong had continued his drug selling activities through 1983 and into 1985.

5. That, in any event, Strong had failed to produce any evidence from which the court could find by a "clear and convincing" standard that he was not presently engaged in the business of selling drugs, since the jury had not credited his character witnesses.

### III.

Strong makes essentially two arguments before us. First, he argues that there was no reasonable basis for the district court to have inferred that he continued to deal in drugs up to 1985. Second, he argues that a conviction of a drug offense by itself is insufficient showing of danger to the community.

Strong's first argument is a factual one. He contends that at trial there was no testimony that he sold any drugs during 1985 and that he was found innocent of the one count alleging a transaction in 1984. He argues that he has had a trouble-free record since 1983 and that had there been transactions subsequent to 1983, there would have been testimony as to that fact.

In its memorandum, the district court explained that the evidence that Strong distributed drugs beyond April 12, 1983 may not have risen to the "beyond a reasonable doubt" level needed to convince the jury, but that the court could make an inference of later sales from the evidence at trial under the lower standard of proof applicable in bail determinations. This may amount to a finding of fact subject to the clearly erroneous standard of review, which Strong has not met. However, even if there was no evidence that Strong dealt in drugs beyond April 1983, the last transaction for which he was convicted, that, in itself, would not signify he was not a danger to the community.

Strong's second argument is that, as a matter of law, the district court may not rely only on conviction of a drug offense to constitute a showing of danger to the community. Strong apparently relies only on the statute, since he does not suggest that there is any constitutional infirmity in such a rebuttable presumption.

The statutory language, as well as the legislative history, unequivocally establishes that Congress intended to equate traffic in drugs with a danger to the community. In each of the three situations in which a bail determination may arise, Congress specified that a defendant should not be released who will endanger the safety of the community. *See* 18 U.S.C. § 3142(b); 18 U.S.C. § 3143(a) and 18 U.S.C. § 3143(b). In the provisions governing release or detention of a defendant pending trial, Congress provided that,

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure ... the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years

or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of title 18 of the United States Code.

18 U.S.C. § 3142(e).

█ In light of the explicit equation of a drug offense with danger to the safety of the community for purposes of release or detention of a defendant pending trial, it is manifest that Congress intended the same equation when dealing with a defendant who had already been convicted of such a drug offense and is awaiting sentence. The offense for which Strong was convicted falls within the offenses listed, since it was a violation of the Controlled Substances Act and carries a maximum term of imprisonment of more than ten years. *See* 21 U.S.C. § 841(b)(1)(A). Thus, the statutory rebuttable presumption of danger to the community is applicable to Strong. *Accord United States v. Daniels*, 772 F.2d 382 (7th Cir.1985); *United States v. Volksen*, 766 F.2d 190, 192 (5th Cir.1985).

The legislative history fully supports the conclusion that Congress intended to equate drug trafficking with danger to the community. The principal source of legislative history, Senate Report No. 98–225, states:

> The [Judiciary] Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence. This principle was recently endorsed in *United States v. Provenzano and Andretta*, [605 F.2d 85 (3d Cir.1979)] in which it was held that the concept of "danger" as used in current 18 U.S.C. 3148 extended to nonphysical harms such as corrupting a union. *The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community."*

S.Rep. No. 225, 98th Cong., 2d Sess. 12–13, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3195–96 (emphasis added and footnotes omitted).

The Committee explained that the Act describes two sets of circumstances under which a strong probability arises that no form of condition or release will be adequate to protect the community. One, not relevant here, is when the offense involved the possession or use of a destructive device. The second circumstance raising a rebuttable presumption of dangerousness is when the defendant is charged with certain drug offenses. As the Committee explained,

> The drug offenses involve either trafficking in opiates or narcotic drugs, or trafficking in large amounts of other types of controlled substances. It is well known that drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity. Persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism.

*Id.* at 20, 1984 U.S.Code Cong. & Ad.News at 3203. Finally, the Committee emphasized that the 1984 statute intentionally effected a change in prior law by including the issue of community safety, which involved the specific factor "of whether the offense charged ... involves a narcotic drug." *Id.* at 23, 1984 U.S.Code Cong. & Ad.News at 3206.

We conclude, therefore, that a defendant convicted of one of the specified narcotics offenses may be presumed to be a danger to the community. While Strong accurately notes that some courts have found that a defendant convicted of a drug offense does not pose such a danger, *see, e.g., United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir.1985), we assume that in each such case the defendant rebutted the presumption to the satisfaction of the court.

Strong presents a plausible case to show he is not in fact a danger to the community. He stresses that he was neither charged with nor shown to have distributed drugs to the community at large, and that the evidence was limited to showing sales to certain baseball players who had admittedly used cocaine years before Strong distributed it to them and who were already predisposed to using and abusing drugs. Furthermore, Strong is a veteran of the Vietnam conflict, received a service medal and was honorably discharged, and perhaps of most significance, had no other criminal history at the time of his arrest.

Strong convinced the district court that he could be released pending trial. The difficulty with Strong's presentation at this time is that with his conviction the burden has shifted. He now has the burden of proof of showing by clear and convincing evidence that he is not likely to pose a danger if released. *See* S.Rep. No. 98–225, 98th Cong., 2d Sess. at 26, *reprinted in* 1984 U.S.Code Cong. & Ad.News at 3209. Because of the short period between conviction and sentencing, most of the post-conviction cases on bail have arisen under the statutory section dealing with detention on appeal, 18 U.S.C. § 3143(b), which requires that defendant make an additional showing regarding the substantiality of the appeal. *See, e.g., United States v. Miller*, 753 F.2d 19 (3d Cir.1985). The number of appellate court cases considering the issue of danger to the community following conviction of a drug offense under the new statute is sparse. *See United States v. Smegal*, 772 F.2d 659 (10th Cir.1985).

■ Given Congress' equation of drug trafficking with dangerousness to the community, an equation that has a reasonable basis in common experience, it is undeniable that a defendant in Strong's position faces a difficult burden. However, the district court gave Strong two opportunities to produce evidence that would justify his release pending sentence. Apparently, Strong relied only on evidence of his character and life style. The district court found that he failed to meet the statutory

burden imposed on him. Before us, Strong has failed to introduce any affidavits or other evidence, nor has he filed the record of the trial. Therefore, based on our independent evaluation of the material before us, we agree that he has failed to rebut the statutory presumption of dangerousness.

The drastic changes imposed by the 1984 Act require a difficult adjustment for judges accustomed to the earlier scheme. It is likely that under the prior statute Strong would have been a candidate for release not only pending sentence but pending appeal. However, we are not free to stultify clear Congressional intent in this area. Accordingly, we will deny Strong's motion for release pending sentence.