**UNITED STATES of America**

v.

**Joseph RAWLS.**

**Crim. No. 84–74.**

United States District Court, E.D. Pennsylvania.

Pretrial Detention Order Oct. 17, 1985.

Oct. 28, 1985.

Edward S.G. Dennis, Jr., U.S. Atty., Ewald Zittlau, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Edward H. Weis, Defender Ass'n of Philadelphia, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The defendant, Joseph Rawls, has filed a motion for revocation of detention order. The defendant is awaiting trial on a charge of knowingly and intentionally distributing heroin, a Schedule I narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1). Magistrate Powers ordered, on October 17, 1985, that the defendant be detained pending his trial. The Court held a hearing on October 24, 1985 to consider defendant's motion.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides for detention of accused persons prior to trial in certain limited circumstances. *See* 18 U.S.C. § 3142. The Act requires that a hearing be held before a judicial officer to determine if an accused may be held without bail. In the event the magistrate determines that the defendant must be detained pending trial, the defendant has a right of appeal to the district court. In *United States of America v. Robert P. Delker*, 757 F.2d 1390, 1393 (3d Cir.1985), Judge Adams suggests that the better procedure is for the district court to have a de novo hearing and make an independent determination of the defendant's eligibility for release on bail.

The burden of proof at the hearing is on the government to prove by clear and convincing evidence that the defendant is likely to flee or that the defendant poses a danger to the safety of any other person or the community if released. *See United States v. Curtis Strong,* 775 F.2d 504, 506 (3d Cir.1985) (burden of proof shifts to defendant after conviction). *See also* 18 U.S.C. § 3142(e).

Section 3142(e) of the Act specifies that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* It was stipulated at the hearing that there is probable cause that the defendant committed a violation of the Controlled Substances Act, 21 U.S.C. § 841(a)(1), which carries a maximum term of imprisonment of fifteen years.

The Government introduced into evidence certified copies of *three* records from the Common Pleas Court of Philadelphia which show:

1. The defendant pled guilty on March 6, 1984 to distribution of heroin on April 26, 1983 and was sentenced on June 5, 1984 to four years probation;

2. The defendant pled guilty on March 22, 1985 to distribution of heroin on April 9, 1984 and was sentenced on May 7, 1985 to two years probation to follow the prison sentence imposed on May 7, 1985 in connection with the defendant's plea of nolo contendere on May 7, 1985;

3. The defendant pled nolo contendere on May 7, 1985 to distribution of heroin on February 2, 1985 and was sentenced on May 7, 1985 to eight to twenty-three months in prison;

4. Defendant's probation in connection with his guilty plea of March 6, 1984 and sentencing of June 5, 1984 was revoked on September 23, 1985 for violating his probation by distributing heroin on February 2, 1985, and he was sentenced to eleven and one-half to twenty-three months in prison to run consecutive to his prison sentence imposed on May 7, 1985 in connection with his nolo contendere plea of May 7, 1985.

Defendant is currently serving the above state sentences in the Philadelphia House of Correction.

The original indictment in this Court was issued on February 21, 1984 and a bench warrant was issued on the same day. A superseding indictment was issued on May 1, 1984 and another bench warrant was issued in connection with the superseding indictment on May 1, 1984.

██ In an endeavor to rebut the presumption imposed by section 3142(e) of the Act, the defendant presented the testimony of Ms. Deborah Raddock, Counseling and Group Therapy Director at the Philadelphia House of Correction. Ms. Raddock testified that the defendant voluntarily enrolled in the Therapeutic Community on March 7, 1985, and has made great progress toward rehabilitation in the past seven months. The defendant has had three very recent state court convictions for distributing heroin, violated the state sentence of probation, and although he is presently making progress in the drug program while serving his sentence at the Philadelphia House of Correction, he did not overcome the rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance and the safety of the community.

The Court finds on the basis of clear and convincing evidence that no condition or combination or conditions will reasonably assure the appearance of the defendant as required and the safety of the community. This Court will therefore impose the same order of detention as was imposed by the Magistrate, which order of detention is attached hereto.

■ The defendant also attacks sections 3142(e) and (f) of the Bail Reform Act of 1984, insofar as they authorize a judicial officer under the circumstances provided in the Act to order pretrial detention. The defendant asserts the provisions are unconstitutional in that they violate the Eighth Amendment.

The Bail Reform Act of 1984 was substantially patterned after the District of Columbia pretrial detention statute, D.C. Code 1973, § 23–1322, which has been held constitutional in *United States v. Edwards*, 430 A.2d 1321 (D.C.Ct.App.1981) (en banc), *cert. denied*, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982), wherein it was held that the Act did not violate a defendant's eighth, fifth, and fourteenth amendment rights. As pointed out in *Edwards*, pretrial detention is prospective only, and not punishment. 430 A.2d at 1332. The Congressional history of the Bail Reform Act of 1984 makes it abundantly clear that pretrial detention is intended to protect the safety of the community and is not designed to punish a defendant for prior bad acts. Therefore, this Court is of the opinion that the defendant's eighth amendment rights are not violated by sections 3142(e) and (f) of the Bail Reform Act of 1984.

### ORDER

AND NOW, this 28th day of October, 1985, upon consideration of defendant's motion to revoke the detention order issued by Magistrate Powers on October 17, 1985, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, for the reasons stated in the Court's memorandum of October 28th, 1985, this Court will impose the same order of detention as was imposed by the Magistrate,

IT IS ORDERED: The United States Marshal shall detain the defendant in the House of Correction Therapeutic Community until the charges in this matter are completed. Defendant is to be made available for private consultation with counsel upon request, and be produced for further proceedings in this Court upon request of the United States or upon Order of this Court.

IT IS FURTHER ORDERED: The defendant's Eighth Amendment rights, for the reasons stated in this Court's memorandum of October 28th, 1985, are not violated by sections 3142(e) and (f) of the Bail Reform Act of 1984 or by this Court's Order.

### PRETRIAL DETENTION ORDER

RICHARD A. POWERS, III, United States Magistrate.

Now, this 17th day of October, 1985 after hearing held before the undersigned on October 10, 1985, and in accordance with the Bail Reform Act, 18 U.S.Code Section 3142(f), the Court makes the following findings of fact:

1. Defendant has been convicted of state and local offenses that would have been federal offenses on three (3) occasions if circumstances giving rise to federal jurisdiction had existed; that is they are drug offenses.

2. Defendant has been charged with a federal narcotics offense, that carries a possible jail sentence of fifteen (15) years in prison.

3. Probable cause of defendant's guilt has been shown.

4. Defendant has demonstrated a pattern of drug dealing activity, which due to its frequency and volume raises the presumption that no condition or set of conditions will insure the safety of the community.

5. Defendant has not rebutted that presumption. Also, the defendant has not rebutted the presumption of flight since the probability exists that an extensive sentence could be imposed upon the ultimate conviction in this particular case.

I find, therefore, that the Marshal shall detain the defendant in the House of Correction Therapeutic Community until the charges in this matter are completed. Defendant is to be made available for private consultation with counsel upon request, and that he be produced for further pro-

ceedings in this Court upon request of the United States or upon Order of this Court.