UNITED STATES of America,
Plaintiff–Appellant,

v.

Armando MANSO–PORTES and Carlos
Luis Picon, Defendants–Appellees.

No. 87–2875.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 1, 1987.

Decided Dec. 4, 1987.

Opinion Jan. 14, 1988.*

Lawrence E. Rosenthal, Bobbie McGee
Gregg, Asst. U.S. Attys., Anton R. Valu-
kas, U.S. Atty., Chicago, Ill., for plaintiff-
appellant.

Stephen M. Komie, Komie & Associates,
Raymond D. Pijon, Chicago, Ill., for defend-
ants-appellees.

Before FLAUM, EASTERBROOK and
RIPPLE, Circuit Judges.

PER CURIAM.

Armando Manso–Portes and Carlos Luis
Picon have been convicted of distributing
cocaine and are awaiting sentencing. The
district judge enlarged them on small
bonds pending sentencing, and the govern-
ment has taken this appeal (pending which
the district court stayed the release). We
reverse the decision. The defendants
should remain incarcerated pending imposi-
tion of sentence.

The district court essentially concluded
that because the defendants appeared for
trial while released on bond, they are sure
to appear for sentencing. The prosecutor
observes that once the defendants have
been convicted, their incentive to show up
is reduced because there is no longer a
possibility of obtaining vindication. What
was before a possibility of imprisonment
has become a certainty.

The controlling consideration, however,
is that 18 U.S.C. § 3143(a) provides that a
defendant who has been convicted "shall
... be detained" pending the imposition of
sentence unless the court finds that he "is
not likely to flee *or* pose a danger to the
safety of any other person or the communi-
ty if released" (emphasis added). The dis-
trict court did not consider the statutory
presumption that these defendants will
"pose a danger to ... the community" if
released—a presumption that may be re-
butted only by "clear and convincing evi-

---

* Pursuant to Circuit Rule 53, this opinion was
originally issued as an unpublished order. The
government subsequently filed a motion re-
questing that the order be issued as a published
opinion. The motion is hereby granted.

dence" under the terms of § 3143(a) itself. Defendants stand convicted of serious drug offenses, and under § 3143 drug offenders are presumed to pose a continuing danger to the community. *United States v. Strong*, 775 F.2d 504, 506–08 (3d Cir.1985). See also 18 U.S.C. § 3142(f)(1)(C). The defendants have presented no evidence to rebut this presumption; it is perforce not "clear and convincing". Although the district judge said that he thought these defendants were not dangerous, this statement does not reflect consideration of the fact that the continued sale of drugs is itself dangerous; the statute does not limit "danger to ... the community" to the threat of violence. Although we do not hold that it would be impossible for the district court to find the presumption rebutted with respect to these defendants, the court did not do so.

REVERSED.