**UNITED STATES of America, Plaintiff,**

v.

**Hector GARCIA GARCIA, Defendant.**

**Crim. A. No. CR 3–89–095(03)–G.**

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 19, 1989.

Stewart C. Robinson, Asst. U.S. Atty., Dallas, Tex., for plaintiff.

Fred Bennett, Stillman & Bennett, Dallas, Tex., for defendant.

## MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on the motion of defendant Hector Garcia Garcia ("Garcia") for release pending appeal. For the reasons stated herein, Garcia's motion is denied.

### I. *Background*

On July 21, 1989, Garcia was convicted of one count of extortion and one count of conspiracy, for which he was later sentenced to 151 months of incarceration.

In support of his motion for release, Garcia notes (1) that he voluntarily surrendered when he learned there was a warrant for his arrest; (2) that there was no evidence at trial to indicate that he possessed a weapon, threatened the victim, or even met the victim; and (3) that there are substantial questions of law and fact which could result in a new trial.[1]

### II. *Analysis*

■ By enacting the 1984 Bail Reform Act, Congress intended to eliminate the historical presumption in favor of bail even after conviction. S.Rep. No. 98–225, reprinted in 1984 U.S.Code Cong. & Admin. News 3182, 3209 (1984). Under 18 U.S.C. § 3143(b),[2] a person who has been convicted of an offense and imprisoned may not be released pending appeal unless he establishes the following four factors:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purposes of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on ap-

---

1. Garcia relies on three events at trial that he believes will result in an appellate judgment of reversal and remand for a new trial in this case: (1) testimony by witness Rodriguez concerning a statement by the FBI that Garcia would have called the FBI if he were innocent; (2) testimony by witness Rodriguez that during trial co-defendant Padilla threatened, by gesturing, to injure Rodriguez; and (3) argument by the prosecutor during summation that Garcia had expected his co-defendants to kill Rodriguez. Because the court does not find clear and convincing evidence that Garcia is not likely to flee or pose a safety risk, it is unnecessary to address these issues.

2. **(b) Release or detention pending appeal by the defendant.**—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

  (A) reversal,

  (B) an order for a new trial,

  (C) a sentence that does not include a term of imprisonment, or

  (D) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in paragraph (b)(2)(D), the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

peal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Valera–Elizondo,* 761 F.2d 1020, 1025 (5th Cir.1985) (citing *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985)); *United States v. Miller,* 753 F.2d 19, 24 (3rd Cir.1985).

Garcia has attached to his motion an earlier memorandum order ("memorandum order") issued by the court before trial on Garcia's motion to revoke the magistrate's detention order. Portions of that memorandum order are relevant to this motion.

■ To Garcia's credit, he voluntarily surrendered when he learned of the outstanding warrant for his arrest. He was acquitted of the charged offenses of kidnapping and conspiracy to kidnap. In addition, this court has previously recognized Garcia's strong ties to his community. *See* memorandum order at 5–6.

Nevertheless, Garcia is facing a substantial sentence of 151 months for the offenses of extortion and conspiracy. The criminal punishment he faces is now a certainty, subject to success on appeal. The hope for leniency or victory at trial no longer exists to counterbalance the incentive to avoid criminal punishment by fleeing the jurisdiction. *United States v. Manso–Portes,* 838 F.2d 889, 889–90 (7th Cir. 1987) (construing 18 U.S.C. § 3143(a) on application for release pending sentencing); *United States v. DiMauro,* 614 F.Supp. 461, 464 (D.Maine 1985). He has a previous conviction on a serious federal drug offense, and has been arrested and fined for possession of a firearm twice within the past five years. Despite Garcia's strong community ties and his voluntary surrender, this court cannot find clear and convincing evidence that shows Garcia is not likely to flee in the face of such a substantial term of imprisonment. By this same standard, this court is also unable to find, in light of Garcia's criminal history, that he poses no danger to others.

### III. *Conclusion*

For the foregoing reasons, Garcia's motion for release pending appeal is DENIED.

SO ORDERED.