983 F.2d 298
 299 U.S.App.D.C. 273
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellant,
v.
Reynol AYLLON, Appellee.
 No. 92-3257.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 6, 1993.
 
 Before SILBERMAN, BUCKLEY and KAREN LECRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order granting Ayllon's motion to remain on bond pending appeal be reversed and this case remanded to the district court for entry of an order detaining Ayllon pending appeal. Ayllon has failed to show by clear and convincing evidence that he is unlikely to flee or that he will not pose a danger to the community. See 18 U.S.C.A. § 3143(b)(1) (West Supp.1992); Fed.R.App.P. 9(c). Ayllon's failure to flee up until now does not, by itself, constitute clear and convincing evidence that he is unlikely to flee in the future, especially given that he is facing a mandatory prison sentence and, as a Cuban national, may be subject to deportation upon his release from prison. In addition, persons convicted of drug offenses are presumed to pose a danger to the community. See United States v. Manso-Portes, 838 F.2d 889, 890 (7th Cir.1987). Evidence that Ayllon has not been rearrested since his release is insufficient to overcome this presumption. See United States v. Strong, 775 F.2d 504, 506-08 (3d Cir.1985). Nor does the fact that the district court determined for sentencing purposes that Ayllon was a minor participant with respect to the conspiracy charge overcome the presumption because Ayllon was also convicted of a second drug charge with respect to which he did not play a minor role.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.