**UNITED STATES of America, Plaintiff,**

v.

**Raimary LAVANDIER, Defendant.**

**No. Crim. 97–190(SEC).**

United States District Court,
D. Puerto Rico.

June 30, 1998.

Timothy Faerber, Assistant United States Attorney, Criminal Division, San Juan, PR, for plaintiff.

Rachel Brill, Hato Rey, PR, for defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

This case is before the Court on defendant Raimary Lavandier's motions for judgment of acquittal and reconsideration of revocation of bail **(Docket # 190)**, which were duly opposed **(Docket # 197)**. Essentially, Lavandier argues that there was insufficient evidence presented at trial in the above-captioned case to sustain a conviction. Therefore, she has moved for a judgment of acquittal pursuant to Fed.R.Crim.P. 29(c). Lavandier also requests, in the alternative, that the Court grant her motion for release from detention while pending sentence, pursuant to Title 18 U.S.C. § 3143. For the reasons stated below in this Opinion and Order, defendant's motions **(Docket # 190)** are **DENIED**.

## I. Rule 29 Motion for Acquittal

### Factual Background

On May 1, 1998, defendant Raimary Lavandier was convicted on Count Two of the Indictment for violating the federal hostage taking statute, Title 18 U.S.C. § 1203, and currently remains in detention awaiting sentencing. Count Two of the Indictment stated that:

[f]rom on or about August 15, 1997 until on or about August 25, 1997 in the District of Puerto Rico and within the jurisdiction of this Court, [7] Raimary Lavandier, (other seven defendants' names omitted) the defendants herein, while aiding and abetting each other, did intentionally and unlawfully seize, detain, and threaten to kill Richardson Leoncio Mieses Pimentel in order to compel other persons to pay money for his release, in violation of Title 18 U.S.C. §§ 2, 1203(a).

At trial, the government presented substantial evidence associating defendant Lavandier to the foregoing ten day hostage taking incident, which occurred from August 15, 1997 until August 25, 1997.

Of particular importance was the testimony of F.B.I. Taskforce Officer Jose Torres. Agent Torres testified that defendant admitted to being present on the day the victim was brought to her residence in Barrio Obrero. She also admitted that she was the "woman of the house," and that she accepted $12.00 from some of the hostage takers in order to purchase food for the victim. In addition, she confessed to being present in the household when the hostage was taken to the shower. Agent Torres testified that, although Lavandier was very emotional at the time of her arrest, she was calm when providing her statement several hours later.

Moreover, the victim, Leo Mieses–Pimentel, testified that during the hostage taking there was a woman with a small child living at the house on Barrio Obrero. Mieses–Pimentel also testified that after the F.B.I. had surrounded the residence where he was being held, his handcuffs were removed and he was taken to another room by two male defendants. Lavandier was in that room. At that time, she asked Mieses–Pimentel "not to say anything and the problem is they would let (him) go once the F.B.I. left." At the same time another co-defendant told the victim to "sit down and to act like (he) was one of them, like (he) was just staying with them." Mieses–Pimentel further testified during his cross examination that Lavandier had referred to herself as "one of them," and that she said "we haven't done anything to

you and we will let you go when this is all over with."

Based on this evidence, the jury found Lavandier not guilty on Count One of the Indictment, which charged a conspiracy to commit hostage taking. However, they found her guilty on Count Two of the Indictment, which charged the substantive offense of hostage taking.

## Applicable Law

### Rule 29 Motion for Acquittal

Pursuant to Fed.R.Crim.P. 29(c), a defendant can renew his/her motion for acquittal after the jury has been discharged.[1] In analyzing a Rule 29 Motion for Acquittal "the court must consider the evidence as a whole when taken in the light most favorable to the Government, together with all legitimate inferences to be drawn therefrom to determine whether a rational trier of fact could have found guilt [for each element of the offense] beyond a reasonable doubt." *United States v. Smith*, 680 F.2d 255, 259 (1st Cir.1982) (citing *United States v. Patterson*, 644 F.2d 890, 893 (1st Cir.1981)). Additionally, "if the evidence can be construed in various reasonable alternatives, the jury is entitled to freely choose from among them." Smith, 680 F.2d at 259 (citing *United States v. Klein*, 522 F.2d 296, 302 (1st Cir.1975)).

### Substantive Offense of Hostage Taking

Defendant Lavandier was convicted of hostage taking pursuant to 18 U.S.C. § 1203. This statute provides:

(a) Except as provided in subsection (b) of this section, whoever, whether inside or outside the United States, seizes or detains and threatens to kill, injure, or to continue to detain another person in order to compel a third person or a governmental organization to do or abstain from doing any act as an explicit or implicit condition for the release of the person detained, or attempts or conspires to do so, shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

At trial, the Court instructed the jury on the four essential elements the Government needed to prove beyond a reasonable doubt in order to procure a hostage taking conviction:

Instruction No. 16: Essential Elements of the Offense of Hostage Taking

*First:* That the defendant seized or detained another person:

*Second:* That the defendant threatened to kill, injure or continue to detain that person; and

*Third:* That the defendant did so with the purpose of compelling a third person to act in some way, or to refrain from acting in some way; and

*Fourth:* Either the person seized or detained, or one or more of the offenders, is not a national of the United States, that is, is a foreign national.

In addition to the instructions provided for the substantive offense of hostage taking, the jury was instructed as follows on aiding and abetting, mere presence, and the specific intent required in order to sustain a hostage taking conviction:

Instruction No. 19: Aid and Abet, 18 U.S.C. § 2

To "aid and abet" means to intentionally help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) the defendant associated himself/herself in some way with the crime and willfully participated in it as he/she would in something he/she wished to bring about. This means that the gov-

---

1. Rule 29(c) states:

   If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such a motion set aside the verdict and enter a judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

ernment must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him/her. The defendant need not be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something Criminal is happening is not enough. Mere presence at the scene of the crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Instruction No. 20: Mere Presence

The mere presence at the scene of a crime, even with knowledge that a crime is being committed, or the mere fact that certain persons may have known or associated with each other, and may have assembled together and discussed common aims or interests, is not enough to establish proof of the existence of a conspiracy or of aiding and abetting. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of the conspiracy, does not thereby become a conspirator.

Instruction No. 27: Specific Intent

The crimes charged in this case are specific intent crimes which require proof of specific intent before the defendants can be convicted. Specific intent, as the term implies, means more that the general intent to commit the act. To establish specific intent, the Government must prove that the defendants knowingly did an act which the law forbids, purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case.

The jury received the aiding and abetting instruction because "[e]very indictment for a federal offense charges the defendant as a principal and as an aider and abettor." *United States v. Canon*, 993 F.2d 1439, 1442 (9th Cir.1993). Based on these instructions and the evidence presented at trial the jury returned a verdict of guilty against Lavandier. Now, however, Lavandier raises several arguments requesting a reversal of the jury's decision.

## Application of Law to Facts

In her motion for judgment of acquittal, Lavandier argues that the jury was permitted to "pile inference upon inference" and conclude her guilt based merely on her presence during the hostage taking as well as her knowledge of the commission of the crime. Defendant maintains that the evidence failed to demonstrate beyond a reasonable doubt the requisite specific intent and actual participation in the commission of the crime.

■ Before we begin our analysis of defendant's arguments, we believe it would be helpful to reiterate the substantial burden that defendants face when seeking a Rule 29 motion for acquittal. In deciding a Rule 29 motion, the Court must consider the evidence as a whole in the manner most favorable to the Government, and decide whether a rational jury could have found guilt beyond a reasonable doubt. *Smith*, 680 F.2d at 259. We will now consider Lavandier's arguments, bearing in mind that all inferences must be drawn in favor of the United States.

Lavandier argues that the Government failed to demonstrate she had the specific intent to participate in the hostage taking. Essentially, she claims that although she was present during the ten day ordeal, she did not actually participate in the hostage taking itself. However, what Lavandier fails to recognize is that she was indicted on a theory of aiding and abetting as well as the substantive offense of hostage taking; and that to "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the Government must prove beyond a reasonable doubt that (1) *someone else* committed the charged crime and that (2) the defendant willfully associated herself in some way with the crime and willfully participated in it as she would in something she wished to bring about. Therefore, relevant direct or circumstantial evidence "associating" Lavandier with the crime, beyond a reasonable doubt, is sufficient to sustain a conviction.

■ Lavandier vigorously contends that she was merely present throughout the hostage taking. However, we believe that the

evidence taken as a whole, with inferences drawn in favor of the Government, shows that reasonable jurors could have found Lavandier guilty of Count Two of the Indictment. The evidence presented at trial clearly established that Lavandier was present for a significant portion of the ten day ordeal. In fact, the victim was held hostage in her residence at various times throughout the ten days. In addition, Lavandier confessed to being "the woman of the house," and to receiving $12.00 for grocery money in order to prepare food. She also admitted to being present in the household when the victim was taken to the shower.

While this evidence establishes Lavandier's presence and knowledge of the crime throughout its commission, certain statements she made to the victim further associate her with the crime. The victim testified that there was a woman with a small child in the house where he was held captive for several days. He also stated that when the F.B.I. arrived at the residence on the tenth day of the hostage situation, defendant "asked him not to say anything and the problem is they would let him go when the F.B.I. left." Furthermore, Pimentel testified that Lavandier referred to herself as "one of them," and she also stated that "we have not done anything to you and we promise we will let you go when this is all over."

In order to convict a defendant of aiding and abetting, "[a]n abettor's criminal intent may be inferred from the attendant facts and circumstances and need not be established by direct evidence." *United States v. Cloud,* 872 F.2d 846, 850 (9th Cir.), cert. denied, 493 U.S. 1002, 110 S.Ct. 561, 107 L.Ed.2d 556 (1989). The evidence presented in this case, when viewed in isolation, may do nothing more than place Lavandier at the crime with knowledge of its commission. However, when all of the evidence is viewed in its totality, we believe that reasonable jurors could have found the defendant guilty of count two of the Indictment for the substantive offense of hostage taking.

Because this Court believes, based on the above discussion, that reasonable jurors could have found Lavandier guilty of hostage taking based on the evidence presented at trial, her Rule 29 Motion is hereby **DENIED.**

## II. Bail Request Pending Sentencing

Also pending before this Court is Raimary Lavandier's motion for reconsideration of detention ruling pending sentencing **(Docket # 190).** For the reasons stated below, defendant's motion is **DENIED.**

### Factual Background

As stated above, defendant was indicted, along with several co-defendants, on several counts pursuant to a hostage taking situation occurring from August 15, 1997 until August 25, 1997. Lavandier was charged with conspiracy to commit the hostage taking, and the substantive offense of hostage taking, counts one and two of the Indictment. She was convicted on count two for the substantive offense of hostage taking. Defendant had been out on bail pending her trial. However, upon return of the jury verdict, the Court ordered her detained pending sentencing, which is scheduled for October 2, 1998.

Under the United States Sentencing Guidelines (U.S.S.G.), defendant faces a likely sentence of 135–168 months. Defendant claims that she should be released pending sentencing because she fully complied with the terms of her bail while she was awaiting trial, and because she is currently pregnant. She also maintains that she is not a flight risk because her travel documents have been seized, and her family resides in Puerto Rico. Finally, defendant claims that the terms of her bail could be made more strict in order to ensure her compliance.

The Government counters that defendant is a flight risk because she is a young individual and a national of the Dominican Republic. The Government believes, contrary to defense arguments, that the Dominican Republic represents a safe haven to which defendant could flee.

### Applicable Law/Analysis

Because defendant was convicted of hostage taking, in order to be released on bail pending sentencing she must comply with the provisions set forth in 18 U.S.C. § 3143(a).

Pursuant to § 3143(a), a person found guilty of an offense such as the present one *must* be detained pending sentencing "unless the judicial officer finds by *clear and convincing evidence* that the person is not likely to flee or pose a danger to the safety of any other person of the community ...", 18 U.S.C. § 3143(a), emphasis added. As stated by this Court in *United States v. Catala Fonfrias*, 612 F.Supp. 999, 1000 (D.Puerto Rico, 1985), "in overcoming the presumption of detention the burden of proof rests with the defendants."

 We find that in this case the defendant has failed to meet her burden. We find her arguments that she is not a flight risk to be unpersuasive. First and foremost, her strong ties with the Dominican Republic create an excellent opportunity for flight, especially since she is a Dominican national. Also, her reliance on the fact that she is currently pregnant is misplaced, insofar as it does nothing to help her meet her burden of proof under the statute. Furthermore, the Court notes that defendant is entitled, and will receive, adequate medical care while she is in detention.

We also do not find merit in defendant's argument that her faithful compliance with the pre-trial bail conditions will necessarily carry over after her conviction. Defendant's hopes that she would be acquitted on all counts have now been dashed, and her motion for acquittal has been denied by this Court. As has been found by other district courts dealing with this issue, we similarly believe "the prospect of a substantial period of incarceration serves as a significant incentive to flight even in the presence of strong family ties." *United States v. Scott,* 1995 WL 723752 (E.D.Texas 1995) (*citing United States v. Garcia,* 727 F.Supp. 318 (N.D.Texas 1989)).

Based on the substantial risk of flight that the defendant poses, as well as defendant's failure to present clear and convincing evidence indicating otherwise, we believe that her motion should be **DENIED.**

## Conclusion

Pursuant to the above discussion, we find that there is sufficient evidence in the record to sustain a conviction and that Lavandier has failed to meet her burden of presenting clear and convincing evidence to rebut the presumption of detention pending sentencing. Therefore, her motion for acquittal and motion for reconsideration of detention ruling pending sentencing (**Docket 190**) are **DENIED.**

**SO ORDERED.**