**UNITED STATES of America**

v.

**William T. SMITH, Jr.**

**Appeal of UNITED STATES of America.**

**No. 85–5557.**

United States Court of Appeals, Third Circuit.

Argued March 18, 1986.

Decided June 13, 1986.

Rehearing and Rehearing En Banc Denied Aug. 27, 1986.

James Hunter, III, J., concurred in part and filed opinion.

Louis H. Pollak, District Judge, sitting by designation, dissented in part and filed opinion.

James J. West (Argued), U.S. Atty., Harrisburg, Pa., for appellant.

John Rogers Carroll (Argued), Carroll & Carroll, Philadelphia, Pa., for appellee.

Before HUNTER and MANSMANN, Circuit Judges and POLLAK * District Judge.

OPINION ANNOUNCING THE JUDGMENT OF THE COURT, in which Judges HUNTER and POLLAK agree as to parts I., II. and III.,

Judge HUNTER also joins as to part VI.,

Judge POLLAK also joins parts IV.(B) and (C)

MANSMANN, Circuit Judge.

We review the district court's application of the substantial question requirement contained in the section of the Bail Reform Act of 1984 governing the release of a convicted defendant pending appeal. 18 U.S.C. § 3143(b). The district court interpreted our decision in *United States v. Miller*, 753 F.2d 19 (3d Cir.1985), as requiring that the defendant be released where the issue presented on appeal is not governed by controlling precedent, no matter how improbable a reversal of the conviction. The district court found that under this standard the defendant had raised a substantial question and granted the defendant's motion for bail pending appeal. We reverse.

I.

The defendant was indicted for crimes relating to his participation in a scheme to bribe public officials in Pennsylvania in order to secure the award of Federal Insurance Contribution Act ("FICA") recovery contracts from state and local entities. After jury deliberations commenced, one of the jurors was injured in an automobile accident while returning to the courthouse. The district court, finding that the juror's

* The Honorable Louis H. Pollak, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

injuries precluded her from continuing deliberations, invoked Federal Rule of Criminal Procedure 23(b)[1] and permitted the remaining eleven jurors to continue deliberations. The jury found the defendant guilty of conspiracy, 18 U.S.C. § 371 (1982), four counts of mail fraud, 18 U.S.C. § 1341 (1982), and four counts of violating the Interstate Transportation in Aid of Racketeering Statute, 18 U.S.C. § 1952(a)(3) (1982) ("I.T.A.R."). The defendant was sentenced to a total of twelve years imprisonment and fined $63,000. The defendant appealed, challenging, *inter alia*, the constitutionality of Rule 23(b).[2]

The district court granted the defendant's motion for bail pending appeal pursuant to 18 U.S.C. § 3143(b). The government appeals.

## II.

"[B]ecause of the crucial nature of the defendant's liberty interest and the 'clear public interest' that is at stake," we are required to "independently determine" whether the defendant is entitled to bail pending appeal. *United States v. Strong*, 775 F.2d 504, 505 (3d Cir.1985) (quoting *United States v. Delker*, 757 F.2d 1390, 1399–1400 (3d Cir.1985) and S.Rep. No. 98–225, 98th Cong., 2d Sess. at 30 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3213). We must, however, accord some deference to the district court's reasoning.

> [A]ppellate courts give the reasons articulated by trial judges respectful consideration, but if, after careful assessment of the trial judge's reasoning, together with such papers, affidavits, and portions of the record as the parties present, the court of appeals independently reaches a conclusion different from that of the trial judge the court of appeals has the power to amend or reverse a detention or release decision.

*Delker*, 757 F.2d at 1400 (citations omitted).

## III.

The 1984 Bail Act provides in relevant part that a defendant shall be released on bail pending appeal only if the court finds:

> (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released pursuant to section 3142(b) or (c); and
>
> (2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

18 U.S.C. § 3143(b). The government does not challenge the district court's finding that the defendant had satisfied his burden of proof with respect to the first portion of these requirements. The government does contest the district court's application of the second half of these criteria.

In *Miller* we found that Congress intended that the section 3143(b)(2) requirements would palce a burden on the defendant to demonstrate "that the appeal raises a substantial question of law or fact" and "that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which

---

1. Federal Rule of Criminal Procedure 23(b) provides:

   Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12 or that a valid verdict may be returned by a jury of less than 12 should the court find it necessary to excuse one or more jurors for any just cause after trial commences. Even absent such stipulation, if the court finds it necessary to excuse a juror for just cause after the jury has retired to consider its verdict, in the discretion of the court a valid verdict may be returned by the remaining 11 jurors.

2. The defendant appealed from his conviction. *United States v. Smith*, No. 85–5532, and from the denial of his post-trial motions, *United States v. Smith*, No. 85–5714. In addition, Mr. Smith's co-defendant, Alan Stoneman, appealed from the denial of his post-trial motions, *United States v. Stoneman*, No. 85–5702. All three of these appeals were consolidated with the government's appeal of the order granting defendant Smith bail which we consider here. We address the defendants' three appeals in a separate opinion, 789 F.2d 196.

imprisonment has been imposed." *Miller,* 753 F.2d at 24. We said that the substantial question prerequisite requires the defendant to prove "that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Id.* at 23. We noted:

> This [requirement] represents a marked change in the inquiry into the merits in the context of a bail determination, since the 1966 act only required the court to determine whether the issue was "frivolous," *see* 18 U.S.C. § 3148 (repealed by 1984 Act).

*Id.* We rejected any interpretation of the statutory phrase "likely to result in reversal or an order for a new trial" which would require the federal courts to act as " 'bookmakers' who trade on the probability of ultimate outcome." *Id.* We said that the statute "cannot reasonably be construed to require the district court to predict the probability of reversal." *Id.*

The trial court here found that the defendant's challenge to the constitutionality of the provision of Federal Rule of Criminal Procedure 23(b) for continuing deliberations with an 11-member jury where one juror can no longer participate constitutes a substantial question under the *Miller* guidelines.[3] The court explained:

> We have no doubt that the 11-person jury provided for in Rule 23 of the Rules of Criminal Procedure is constitutional and will be so determined by the U.S. Supreme Court if and when this question reaches that court. However, there is no controlling precedent with respect to the 11-person jury. Thus, the question falls within the definition of a "substantial question" under *U.S. v. Miller.*

**3.** The court found that "[t]he only substantial question of law to be raised by the defendant on appeal which has been called to our attention by defense counsel up to the present time is the question of the constitutionality of the 11-person jury used in this case." The defendant asserts on appeal that three additional issues are also "substantial questions: 1) whether the defendant was prejudiced by an impermissible variance between the crime for which he was

The court stressed, however, its belief that the resolution of the Rule 23(b) question was not "fairly doubtful":

> I don't think there is any doubt about this at all. I think the chances are one hundred to one that the Supreme Court, when and if this matter ever gets to it, will hold that an eleven man jury in the circumstances we had in this case, is perfectly valid. I don't think there is any doubt about it, or the doubt is minimal.

The trial court emphasized its reluctance to find a substantial question but concluded that it was required to do so by our opinion in *Miller.* Reasoning that if the Rule 23(b) question were determined favorably to the defendant, a new trial would be required on all counts for which imprisonment was imposed, the district court ordered the defendant released pending appeal.

### IV.(A)

■ We find that *Miller* does not compel the result reached by the district court. We clearly acknowledged in *Miller* that Congress intended the 1984 Bail Act to replace the "frivolous" test with a more stringent prerequisite to bail pending appeal. Contrary to the assertion of the United States Court of Appeals for the Eighth Circuit in *United States v. Powell,* 761 F.2d 1227, 1232 (8th Cir.1985), we believe the *Miller* definition is consistent with Congress' intent. Our definition of a substantial question requires that the issue on appeal be *significant* in addition to being novel, not governed by controlling precedent or fairly doubtful. The district court focused solely on the absence of controlling precedent and, in so doing, failed to determine whether the Rule 23(b) issue constituted a significant question.

indicted and the proof at trial coupled with the court's instructions to the jury; 2) whether the supplemental jury instructions erroneously permitted the jury to consider the multiple conspiracies separately; and 3) whether the district court erred in refusing to permit the defendant to subpoena alcoholism records of two of the government's witnesses. We find that none of these issues raises a substantial question within the meaning of 18 U.S.C. § 3143.

## IV.(B)

We are aware that a number of courts of appeals view our *Miller* definition as incomplete. In *United States v. Giancola,* 754 F.2d 898 (11th Cir.1985), the United States Court of Appeals for the Eleventh Circuit adopted the *Miller* articulation of the section 3143(b) requirements. The *Giancola* court observed, however, that the suggestion that a substantial question can be one that has not been decided by controlling precedent fails to exclude some cases which are not substantial. The *Giancola* court explained:

> We note that an issue may be without controlling precedent largely because that issue is so patently without merit that it has not been found necessary for it to have been resolved. Thus, an issue could well be insubstantial even though one could not point to controlling precedent. Similarly, there might be no precedent in this circuit, but there may also be no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits.

*Id.* at 901. The *Giancola* court concluded that a substantial question is "a 'close' question or one that very well could be decided the other way." *Id.* The *Giancola* modification of *Miller* has been adopted by a number of the courts of appeals. *See, e.g., United States v. Pollard,* 778 F.2d 1177, 1182 (6th Cir.1985); *United States v. Bayko,* 774 F.2d 516, 523 (1st Cir.1985); *United States v. Bilanzich,* 771 F.2d 292, 298–99 (7th Cir.1985); *United States v. Affleck,* 765 F.2d 944, 952 (10th Cir.1985); *Powell,* 761 F.2d at 1231–32; *United States v. Valera-Elizondo,* 761 F.2d 1020, 1024 (5th Cir.1985); *United States v. Randell,* 761 F.2d 122, 125 (2d Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985).

## IV.(C)

We believe the *Giancola* court's objections can be satisfied by reference to the requirement that a question which is not governed by controlling precedent nonetheless must be significant. Clearly, an issue that is "patently without merit" cannot qualify as significant. An issue which has been unanimously decided by the other circuits may or may not be significant. Where there is any doubt as to significance, we believe it is preferable to resort to the historical approach outlined in *United States v. Handy,* 761 F.2d 1279, 1281–82 (9th Cir.1985), rather than to the "close" question concept advocated by the *Giancola* court. To accept the *Giancola* modification would be to resort to the judicial bookmaking condemned in *Miller.*

The *Handy* court noted that several observations made in *Giancola* were accurate, *i.e.,* that "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous," that "there are no blanket categories for what questions do or do not constitute 'substantial' ones," and that "[w]hether a question is 'substantial' must be determined on a case-by-case basis." *Giancola,* 754 F.2d at 901 (quoted in *Handy,* 761 F.2d at 1282 n. 2). We agree. The *Handy* court also suggested that the *Miller* definition of substantial question "might not be sufficient to separate substantial from non-substantial questions." *Handy,* 761 F.2d at 1282 n. 2 (citing *Giancola,* 754 F.2d at 901). The court rejected, however, the "close question" analysis adopted in *Giancola.* Instead, the *Handy* court emphasized its support of the historically-based "fairly debatable" interpretation of the term "substantial". We find this approach consistent with that traditionally taken by the courts. For example, the Supreme Court of the United States, in a different context, recently affirmed that:

> "In requiring a 'question of some substance', or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.' " *Gordon v. Willis,* 516

F.Supp. 911, 913 (ND Ga.1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (CA2); cert. denied, 355 U.S. 846 [78 S.Ct. 71, 2 L.Ed.2d 56] (1957)).

*Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394 n. 4, 77 L.Ed.2d 1090 (1983) (emphasis in original). We reject the *Giancola* modification to the *Miller* substantial question definition and adopt the historical approach of the *Handy* court.

### V.

■ Because we find that the district court applied the incorrect standard, we must determine whether the Rule 23(b) issue constitutes a substantial question. Given the absence of controlling precedent, *Miller* requires us to decide whether a significant question is posed. The pertinent issue involves the defendant's challenge to the constitutionality of continuing jury deliberations with eleven jurors when one juror can no longer participate. Precedent clearly establishes that twelve jurors are not required for a conviction. *See Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). It is also clear that the district court acted in accordance with Federal Rule of Criminal Procedure 23(b) and that the defendant was convicted by the unanimous verdict of the eleven remaining jurors.

We find that the defendant's challenge to Rule 23(b) is not a significant question. The defendant has not shown that the issue is "debatable among jurists," nor do we believe that the question is "adequate to deserve encouragement to proceed further." *See Barefoot v. Estelle*, 463 U.S. at 893 n. 4, 103 S.Ct. at 3394 n. 4 (citations omitted). Because we find no basis to suggest that the Rule 23(b) issue fulfills the requirement of significance, we conclude that the defendant should not have been released pending appeal.

### VI.

We will reverse the order of the district court permitting the defendant's release on bail pending appeal.

JAMES HUNTER III, Circuit Judge, concurring:

1. Both the defendant, William T. Smith, and the government acknowledge that the two-part test in *United States v. Miller*, 753 F.2d 19 (3d Cir.1985), is to be used in making a decision on whether to grant bail pending appeal under the Bail Reform Act of 1984, 18 U.S.C. § 3143(b)(2). They differ, however, on the definition of a "substantial question." On the subject of what constitutes a substantial question the *Miller* court stated: "[u]nder the new act, a court must determine that the question raised on appeal is a 'substantial' one, *i.e.*, it must find that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." 753 F.2d at 23. Although this statement was meant to suggest factors that could be considered in determining whether an issue is "substantial," the presence of any one of these factors is not absolutely dispositive of substantiality. Other circuits have examined the question at greater length and I find their comments very helpful.

2. The next circuit to consider § 3143(b)(2) after *Miller*, the Eleventh Circuit, pointed out that an issue might not have been decided by controlling precedent "largely because that issue is so patently without merit that it has not been found necessary for it to have been resolved.... Similarly there might be no precedent in this circuit, but there may also be no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985). The *Giancola* court defined a substantial question as "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute 'substantial' ones." *Id.* at 901. All but one of the circuits that have considered what constitutes a substantial question

subsequent to the *Miller* and *Giancola* decisions have adopted the *Giancola* definition of a substantial question as a "close" one.[1]

3. I agree with the *Giancola* court that a court should assess substantiality on a case-by-case basis and that an issue on appeal must present a close question if it is to be considered a substantial one. Just because a question is "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful," *Miller*, 753 F.2d at 23, does not automatically, without reference to other factors demonstrating merit or the lack of it, make it a substantial question. In promulgating 18 U.S.C. § 3143 to replace former § 3148, Congress explicitly stated that it intended to eliminate the presumption in favor of post-conviction bail by requiring that a defendant raise a substantial question rather than one that was merely not frivolous. It would be pointless and contrary to the legislative intent in passing the Bail Reform Act of 1984 to agree with Smith that any question of first impression in this circuit, no matter how frivolous, is substantial.

4. Smith maintains that we will erode *Miller* if we join the courts that have followed *Giancola* and permit courts to consider the merit of an issue in deciding whether it is substantial. He argues that allowing a judge to determine whether an issue presents a close question involves the same problems that we sought to avoid in *Miller*. In *Miller*, we found that judges could not be expected to determine whether their own findings were so erroneous that they would result in reversal on appeal. I believe trial court judges can consider the merit of an issue to decide whether it is a close question. Such a determination does not involve the guesswork that would be involved if a judge had to assess the likelihood of being reversed.

5. I cannot agree with Judges Mansmann and Pollak that the *Handy* court was correct in defining a substantial question as one that is "fairly debatable." 761 F.2d at 1282 n. 2. Like the *Powell* court, "I believe *Giancola* is more responsive to the announced purpose of Congress, which was, bluntly, that fewer convicted persons remain at large while pursuing their appeals." 761 F.2d at 1232. The *Handy* test simply "does not work enough of a change from the prior standard that a question not be 'frivolous.'" *Bayko*, 774 F.2d at 523. Congress intended that the 1984 Bail Reform Act make the standard for granting bail pending appeal more stringent. *See Affleck*, 765 F.2d at 952. It sought to remove the presumption in favor of release and place the burden of showing the merit of the appeal on the defendant. This was done to give "recognition to the basic principle that a conviction is presumed to be correct." S.Rep. No. 98–225, 98th Cong., 1st Sess. 27 (1983), *reprinted in* 1984 U.S. Code Cong. & Admin.News 3182, 3210.

6. I find Judge Mansmann's reliance on definitions of a "substantial question" from contexts other than bail are inappropriate. *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), used the "fairly debatable" language to define a substantial question in the context of a habeas corpus proceeding. *Id.* at 893 n. 4, 103 S.Ct. at 3394 n. 4. In such a proceeding "doubts should be resolved in favor of the petitioner." *Gordon v. Willis*, 516 F.Supp. 911, 912 (N.D.Ga.1980). Congress clearly intended that no such presumption be accorded to defendants seeking bail pending appeal. *See* S.Rep. No. 98–225, *supra*, at 26, *reprinted in* 1984, U.S.Code Cong. & Admin., 3182, 3209. In formulating its definition of a "substantial ques-

---

1. *See United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir.1985); *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir.1985); *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir.1985); *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir.1985); *United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir.1985); *United States v. Val-era-Elizondo*, 761 F.2d 1020, 1024 (5th Cir.1985); *United States v. Randell*, 761 F.2d 122, 125 (2d Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985); *but see, United States v. Handy*, 761 F.2d 1279, 1282 n. 2 (9th Cir.1985) (a substantial question is not a close one but one which is "fairly debatable.")

tion," the *Handy* court relied on cases predating the Bail Reform Act of 1984, when bail was the rule rather than the exception. *See Powell,* 761 F.2d at 1232. Judge Mansmann correctly notes that the *Handy* approach is "consistent with that traditionally taken by the courts" and is "the historical approach." This fact convinces me, however, that the *Handy* approach is inappropriate, given Congress's clearly expressed desire that courts use a new approach applying a stricter standard for bail.

7. I do not believe that the constitutionality of Rule 23(b) is a close question and I, therefore, agree with Judge Mansmann that no substantial question has been raised.

LOUIS H. POLLAK, District Judge, dissenting.

I.

This court, in *United States v. Miller,* 753 F.2d 19 (3d Cir.1985) led the way in parsing the mandate of the Bail Reform Act of 1984 that bail pending appeal be conditional on a finding, *inter alia,* "that the appeal ... raises a substantial question of law." 18 U.S.C. § 3143(b). Following the decision in *Miller,* a number of other courts of appeal have sought to shed additional light on the delphic statutory language. I concur in Judge Mansmann's demonstration that, as an explication of "substantial question of law," the "fairly debatable" standard adopted by the Ninth Circuit in *United States v. Handy,* 761 F.2d 1279, 1282 (9th Cir.1985), is a sounder guide than the " 'close' question" standard advanced by the Eleventh Circuit in *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985). *Handy's* "fairly debatable" seems to me to comport better with the language of the statute and with the salutary approach to the statutory language taken by this court in *Miller.*

II.

Although I concur in Judge Mansmann's conclusion that a question of law is "sub-stantial" for purposes of the Bail Reform Act if it is "fairly debatable," I do not agree with Judge Mansmann's companion conclusion: namely, that defendant Smith's constitutional challenge to the second sentence of Federal Rule of Criminal Procedure 23(b)—the 1983 amendment which provides that "if the court finds it necessary to excuse a juror for just cause after the jury has retired to consider its verdict, in the discretion of the court a valid verdict may be returned by the remaining 11 jurors"—did not raise an issue properly characterizable as "fairly debatable." The substance of Smith's claim was that a verdict rendered by a jury of fewer than twelve persons is constitutionally defective (unless, of course, a defendant stipulates, pursuant to the *first* sentence of Rule 23(b), to such a diminished jury).

As of the date (July 23, 1985) the district court determined that Smith was entitled to bail pending appeal, there appears to have been only one reported opinion discussing the then recently adopted amendment to Rule 23(b). That was the opinion of the district court in *United States v. Gambino,* 598 F.Supp. 646 (D.N.J.1984), *affirmed,* 788 F.2d 938 (3d 1986). The *Gambino* district court opinion describes the "just cause" which in that instance necessitated discharging a juror after deliberations had begun, and then explains why the court decided to proceed with eleven jurors rather than substitute one of the two sequestered alternates. All the opinion says about the validity of amended Rule 23(b) is the following:

Finally, counsel for the defendants, in urging that this court proceed to substitute an alternate, did not attack Rule 23(b). Thus, the record is barren of any argument that somehow Rule 23(b) was flawed or faulted. Certainly, it cannot now be contended that there is any imperfection, constitutional or otherwise, in the · procedure permitted under Rule 23(b).

598 F.Supp. at 661.[1] Thus it may fairly be stated that, at the time the court below

---

1. This court affirmed the district court on April 18, 1986. *United States v. Gambino,* 788 F.2d

concluded that defendant Smith should be at large pending appeal, that court did not have at its disposal any case law commenting in other than conclusory terms on the validity of the second sentence of Rule 23(b).[2]

The case for the validity of the second sentence of Rule 23(b) rests on the Supreme Court's opinion in *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). *Williams v. Florida* was decided in 1970, thirteen years before the Court, in its rule-making capacity, amended Rule 23(b) to add the language challenged by Smith. In *Williams v. Florida,* the question presented was whether a *state's* constitutional obligation to provide a jury in a criminal case—an obligation which the Court, in 1968, had found implicit in the Fourteenth Amendment[3]—was satisfied by a jury of six persons. A divided Court answered that question in the affirmative. En route to its decision, the Court determined that the Sixth Amendment, while *in haec verba* mandating a "jury" in a *federal* criminal trial, did not require that the "jury" be composed of twelve persons.

Unquestionably, the 1983 amendment to Rule 23(b) gains strong support from the Court's pronouncement in *Williams v. Florida.* That favoring constitutional wind is enhanced by the presumption of validity which properly attaches to a rule of procedure promulgated by the Supreme Court pursuant to its statutorily delegated rule-making authority.[4] And if the second sentence of Rule 23(b) has such impressive

credentials, how can its validity be characterized as "fairly debatable"?

The doubt with respect to amended Rule 23(b)'s validity inheres in the Court's own language in *Williams v. Florida.* The Court was plainly aware that its latitudinarian description of what a federal criminal jury might look like reflected a sharp departure (and one which, it may be noted, commanded the support of only five of the Justices[5]) from what had theretofore appeared to be a settled constitutional understanding that the word "jury" as used in the Sixth Amendment connoted "a jury of twelve persons."[6] Against that background, the Court was careful to make clear that its new reading of the Sixth Amendment would not of its own force confer on federal trial judges any warrant to empanel juries of fewer than twelve: "Our holding does no more than leave the considerations to Congress ... unrestrained by an interpretation of the Sixth Amendment that would forever dictate the precise number that can constitute a jury." 399 U.S. at 103, 90 S.Ct. at 1907.

In the light of this language, it would seem well within the range of reasonable argument that the five Justices comprising the *Williams v. Florida* majority contemplated that implementation of the pathbreaking constitutional latitude there announced would entail affirmative legislation by Congress, not merely Congressional non-objection to a "rule of procedure"

938 (3d Cir.1986). The opinion notes that "Appellants concede that they have no constitutional right to a twelve-person jury, *see Williams v. Florida,* 399 U.S. 78, 103 [90 S.Ct. 1893, 1907, 26 L.Ed.2d 446] (1970)." *Id.* at 947.

2. Subsequently, two courts have addressed the question. One is the Second Circuit, which sustained the amended Rule 23(b) in *United States v. Stratton,* 779 F.2d 820 (2d Cir.1985). The other is this court, in the opinion rejecting the appeals of defendant Smith and his co-defendant Stoneman. *United States v. Smith,* 789 F.2d 196 (3d Cir.1986). *Compare, United States v. Gambino, supra,* note 1.

3. *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Justices Harlan and Stewart dissented.

4. 18 U.S.C. § 3771.

5. Justice White wrote for the Court in *Williams v. Florida.* On the jury issue (the case also presented a notice-of-alibi issue not pertinent here) Justices Harlan, Stewart and Marshall dissented from the Court's pronouncement that a federal criminal jury could number fewer than twelve. Justice Blackmun did not participate.

6. *Thompson v. Utah,* 170 U.S. 343, 355, 18 S.Ct. 620, 624, 42 L.Ed. 1061 (1898); *accord. Patton v. United States,* 281 U.S. 276, 288, 50 S.Ct. 253, 254, 74 L.Ed. 854 (1938).

promulgated by the Court in its non-adjudicative capacity.[7]

## III.

The challenge to Rule 23(b) summarized above is not one which, ultimately, I am persuaded by. Indeed, I have already joined in concluding that the district court was on sound constitutional ground in exercising the discretionary authority conferred by the second sentence of Rule 23(b).[8] But I have no difficulty in characterizing the issue of the amended Rule's validity as "fairly debatable" at the time the district court admitted Smith to bail pending appeal. Therefore, I respectfully dissent from the judgment of this court reversing the order of the district court.

---

**7.** With respect to a change in "procedure" which did not involve modifying long-accepted constitutional architecture, see Justice Roberts' opinion for the Court and Justice Frankfurter's dissent in *Sibbach v. Wilson*, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941).

**8.** *See United States v. Smith, supra,* note 2.