UNITED STATES of America, Plaintiff,

v.

Thomas C. FRANCHI, Defendant.

Civ. A. No. 90–2102.

United States District Court,
W.D. Pennsylvania.

Nov. 8, 1991.

Ryan R. Kennedy, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

Neil Price, Johnstown, Pa., for defendant.

## MEMORANDUM OPINION

LEWIS, District Judge.

Defendant Thomas C. Franchi was adjudged guilty of criminal contempt for willfully violating a court order in the above-captioned case. After sentencing at a hearing on November 1, 1991, Mr. Franchi's attorney orally moved for bond pending appeal. This court denied his request on the record.[1] That same day, Mr. Franchi appealed this court's determination of guilt to the United States Court of Appeals for the Third Circuit. The following Tuesday, November 5, 1991, Mr. Franchi filed an application for leave to appeal *in forma pauperis* and a written motion for bond pending appeal. For the following reasons, the motion for bond pending appeal will once again be denied.

■ Initially, the court must determine whether it has jurisdiction to consider the motion, given that the motion was filed after defendant appealed the case. Title 18, United States Code, section 3143(b)(1) provides:

> the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and *who has filed an appeal or a petition for a writ of certiorari*, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>> (i) reversal,
>> (ii) an order for a new trial,
>> (iii) a sentence that does not include a term of imprisonment, or
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The statute clearly speaks of the judicial officer making this determination even after a notice of appeal has been filed. Therefore, this court has jurisdiction to entertain the motion.

The court found at the time of the sentencing, and finds again, that defendant has carried his burden of showing that he fits within the provisions of § 3143(b)(1)(A) quoted above. That is, he is not likely to flee or pose a danger to the safety of any other person or the community if released.

The court has reviewed the issues defendant will raise on appeal as stated in the defendant's motion, however, and does not find that the appeal "raises a substantial question of law or fact" likely to result in reversal, a new trial, a sentence that does not include imprisonment or a reduced sentence as provided in § 3143(b)(1)(B). In determining whether each issue is a "substantial question," the court has examined whether the question presented is "significant," that is, whether it is "debatable among jurists" or "adequate to deserve encouragement to proceed further." *United States v. Smith,* 793 F.2d 85, 88–90 (3d Cir.1986).

Defendant lists as possible issues on appeal: (1) denial of due process, (2) denial of the right to a jury trial, (3) failure to advise the defendant of his right to appeal or proceed *in forma pauperis,* (4) failure to order a presentence report before sentencing the defendant, (5) government misconduct, (6) use of civil rather than criminal contempt, and (7) denial of "fundamental rights of contract and of earning a living."

---

1. The court did, however, order that a bond be posted so that Mr. Franchi would be allowed ten days to arrange his affairs before beginning to serve his sentence.

■ Defendant's claims regarding denial of due process, government misconduct and his right to contract and earn a living clearly cannot present "substantial questions." The court has dealt specifically with his due process and government misconduct allegations both on the record in earlier proceedings and in earlier opinions. With regard to both these and the asserted violation of a right to contract, "[c]learly, an issue that is 'patently without merit' cannot qualify as significant." *Smith,* 793 F.2d at 89.

Nor do the other four issues spelled out by Mr. Franchi present "substantial questions" likely to result in reversal, a new trial or resentencing of the type indicated.

■ First, the law is clear that a jury trial is not required for a criminal contempt matter if the court actually imposes a sentence of six months or less of imprisonment, plus normal periods of probation. *Taylor v. Hayes,* 418 U.S. 488, 495, 94 S.Ct. 2697, 2701–02, 41 L.Ed.2d 897 (1974); *United States v. Gedraitis,* 690 F.2d 351, 354–55 (3d Cir.1982). This court indicated on the record before proceedings began that, if it found the defendant to be in contempt, it would not impose more than six months in prison or a fine of more than $5,000. *Cf. United States v. Marthaler,* 571 F.2d 1104 (9th Cir.1978). The court then actually sentenced the defendant to only six months in a jail-type institution.

■ Second, the court carefully considered whether this matter should proceed as criminal or civil contempt. Before beginning the criminal contempt hearing, the court discussed at great length its decision to proceed in criminal, rather than civil, contempt, thus making it clear that it had considered the lesser means of civil contempt. *Waste Conversion, Inc. v. Rollins Environmental Services (NJ), Inc.,* 893 F.2d 605 (3d Cir.1990). The court imposed its sentence for one reason only: to punish Mr. Franchi for flagrantly disobeying its order, an order which was initially issued in preliminary form so as to coerce his compliance within the next six months and avoid the need for a future permanent order. A contempt sentence intended to punish is

criminal in nature. *United States v. North,* 621 F.2d 1255, 1262 (3d Cir.), *cert. denied,* 449 U.S. 866, 101 S.Ct. 199, 66 L.Ed.2d 84 (1980).

■ The court's failure to advise Mr. Franchi specifically of his appeal rights or right to proceed *in forma pauperis* at the sentencing, even if a technical error, is not likely to result in reversal, an order for a new trial or resentencing of the type described in § 3143(b)(1)(B). At most, it might result in a resentencing in general, not of the type described in that section. Moreover, however, it was crystal-clear at the sentencing hearing that Mr. Franchi and his attorney were aware of his right to appeal. Under such circumstances, such error may not require resentencing at all. *See Hoskins v. United States,* 462 F.2d 271, 274 (3d Cir.1972) (where the purpose of Fed.R.Crim.P. 32 "has been fully complied with and it can be inferred beyond a reasonable doubt that the defendant has full knowledge of his appeal rights, mere technical noncompliance ... should not require a resentencing absent a clear showing of prejudice").

■ Finally, the court's refusing to order a presentence report does not present a "substantial question". Fed.R.Crim.P. 32 provides that a presentence investigation report shall be prepared "unless the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. 3553, and the court explains this finding on the record." The decision of whether a presentence report is necessary is within the court's discretion. *Government of Virgin Islands v. Gereau,* 502 F.2d 914, 936 (3d Cir.1974). *See also United States v. Williams,* 254 F.2d 253, 254 (3d Cir.1958).

This court determined that the report was not necessary and explained its decision on the record. The sentence in this criminal contempt matter was based entirely on Mr. Franchi's activities in connection with his willful disobedience of the court order. The court focused entirely on that activity, about which it had heard two days

of testimony. It did not need additional information, and, in fact, none was relevant to its sentencing determination on this unusual, very narrow matter.