**UNITED STATES of America**

v.

**Robert BRAND, Karen Nicholas**

**CRIMINAL ACTION NOS.**
**15–346–3, 15–346–4**

United States District Court,
E.D. Pennsylvania.

Signed December 20, 2016

438

Eric L. Gibson, Jonathan Ian Kravis, United States Department of Justice, Washington, DC, Paul L. Gray, Andrea

Foulkes, Bea Witzleben, U.S. Attorney's Office, Philadelphia, PA, for United States of America.

Barry Gross, Meredith C. Slawe, Mira E. Baylson, Drinker Biddle & Reath LLP, Mariana Rossman, The Rossman Firm LLC, Dana Bazelon, Law Offices of Dana Bazelon, Ann Campbell Flannery, Philadelphia, PA, for Robert Brand, Karen Nicholas.

## MEMORANDUM

Bartle, Judge.

Before the court are the motions of defendants Robert Brand and Karen Nicholas, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3143, for bail pending appeal. The facts of this case are set forth in detail in the court's Memorandum in support of its Order addressing post-trial motions. See generally United States v. Fattah, 223 F.Supp.3d 336, 2016 WL 7839022, 2016 U.S. Dist. LEXIS 145833 (E.D. Pa. Oct. 20, 2016).

Defendants Robert Brand and Karen Nicholas were each found guilty by a jury of conspiracy to commit racketeering and conspiracy to commit wire fraud, along with co-defendant then-Congressman Chaka Fattah, Sr. The facts underlying these convictions are described in detail in the court's Memorandum in support of its Order addressing the defendants' post-trial motions. See id. at *2–4, 2016 U.S. Dist. LEXIS 145833, at *6–11. The charged offenses concerned illegal actions taken by Brand and Nicholas in conspiracy with Fattah to conceal and repay an illegal campaign loan from a wealthy donor to the unsuccessful primary campaign of Fattah in 2007 to become Mayor of Philadelphia. When the donor sought repayment of $600,000 of that loan, Nicholas misappropriated $500,000 from a charitable grant that Sallie Mae had provided to the non-

profit, Educational Advancement Alliance ("EAA"), where she served as the chief executive officer. She sent that money to Brand's company, Solutions for Progress ("SFP"). Brand then sent $600,000 to co-conspirator Thomas Lindenfeld so that he could pay back the wealthy donor. Nicholas also defrauded the National Aeronautics and Space Administration of $100,000 so that she could make Brand whole. Nicholas and Brand thereafter drafted a sham contract between EAA and SFP to conceal their illegal activity. That contract was not executed until after the Department of Justice had begun to audit EAA and the Office of the Inspector General of the Department of Justice had served a subpoena on SFP.

Nicholas was also found guilty of two counts of wire fraud and two counts of falsification of records to impede a federal investigation. These counts related to her theft of $50,000 in funds received by EAA from the National Oceanic and Atmospheric Administration. See Fattah, 2016 WL 7839022, at *9–10, 29–30, 2016 U.S. Dist. LEXIS 145833, at *29–31, 88–90. In her post-trial motion, she did not challenge the sufficiency of the evidence against her on these four counts.

The evidence of the guilt of Nicholas and Brand as to all of the counts in issue was overwhelming.

On December 13, 2016, the court sentenced Brand to two concurrent 30-month terms of imprisonment. Nicholas was sentenced to six concurrent 24-month terms of imprisonment. Both defendants are scheduled to self-surrender on January 26, 2017.[1]

The Bail Reform Act provides that the court must detain pending appeal a defendant who has been found guilty and sentenced unless that defendant proves: (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) that his or her "appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." See § 3143(b).

Our Court of Appeals has explained that under § 3143(b) there is a presumption against bail pending appeal. To overcome the presumption, the defendant must establish:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.[2]

United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985). The Court recognized that "[o]nce a person has been convicted and

---

1. The court signed the judgments on December 20, 2016.

2. In addition, with regard to the fourth inquiry, the court considers whether the defendant has proven that a substantial question determined favorably to him would likely result in a sentence that does not involve imprisonment or a reduced sentence less than the duration of the appeal.

sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances." See id. at 22 (quoting H.R. Rep. No. 91–907, at 186–87 (1970)).

We find that both Nicholas and Brand have established by clear and convincing evidence that they are not likely to flee or pose a danger to any person or the community. Further, we do not view their appeals as being filed for purposes of delay.

 Section 3143(b) also requires the court to determine whether any questions to be raised on appeal are substantial. To be substantial, our Court of Appeals "requires that the issue on appeal be significant in addition to being novel, not governed by controlling precedent or fairly doubtful." See United States v. Smith, 793 F.2d 85, 88 (3d Cir. 1986). The absence of controlling precedent is not itself enough to meet this test. See id. A question is substantial if the defendant can demonstrate that it is "fairly debatable" or is "debatable among jurists of reason." See id. at 89 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)); United States v. Handy, 761 F.2d 1279, 1281–82 (9th Cir. 1985). A substantial question is "one of more substance than would be necessary to a finding that it was not frivolous." See Smith, 793 F.2d at 89 (quoting Handy, 761 F.2d at 1282 n.2). Whether a question is substantial should be made on a case-by-case basis. Id. (quoting Handy, 761 F.2d at 1281–82).

Brand describes what he deems to be four substantial questions under § 3143(b) as follows:

(1) whether the preclusion of any mention of the longstanding and serious mental illness of the key cooperating witness (rapid cycling bipolar disorder) which was undiagnosed and untreated but manifesting severe symptoms at the relevant time period—as well as his current medication regime that includes lithium, a drug widely known to impair memory and perception—was improper;

(2) whether fundamentally flawed instructions to the jury regarding the alleged acts of Mr. Brand's co-defendants unduly prejudiced Mr. Brand;

(3) whether the compelled dismissal of a juror who vigorously disagreed with the ultimate verdict and sought acquittal of Mr. Brand and other defendants was improper; and

(4) whether the individualized voir dire of multiple jurors as to the dismissed juror's conduct disrupted and/or tainted the deliberation process and severely prejudiced Mr. Brand.

Nicholas also asserts that the dismissal of the juror during deliberations raises a substantial question on appeal. In addition, she lists without any discussion the following bases for appeal:

whether the RICO conspiracy statute can reach conduct comprised of a single wire fraud scheme; whether the erroneous instruction as to a RICO predicate infected the verdict on Count One as to Ms. Nicholas; whether the evidence was sufficient to establish the "pattern" and "enterprise" elements of RICO conspiracy; whether Count Two was within the statute of limitations or was prejudicially duplicitous; and various rulings on the admissibility or exclusion of evidence.

We will address each of the defendants' contentions in turn.

 First, Brand faults the court's decision to deny the defendants' access to the medical records of a government witness and to preclude mention of his medical condition during trial. The court reached its decision after in camera review of the

medical records and explained its reasoning in a detailed Memorandum. See Doc. ## 340, 341. In denying access to the witness' medical records, we found that the witness' medical condition did not adversely affect his memory, perception, competence, or veracity with respect to the events or times in question. The probative value of such evidence was substantially outweighed by the danger of unfair prejudice. This unremarkable evidentiary determination is based on settled law and does not raise a significant or fairly debatable question.

■ Next, both Brand and Nicholas claim that errors in instructions related to counts in which they were not charged unduly prejudiced them. We cannot see how any errors related to other defendants could possibly have prejudiced either of these defendants, particularly when the evidence related to the counts against them was overwhelming. The court instructed the jury in both its preliminary instructions at the beginning of the trial and in its final instructions to consider and weigh separately the evidence against each defendant on each count and not to be swayed by the evidence introduced against other defendants on the same or different counts. The jury is presumed to have followed the court's instructions. See Zafiro v. United States, 506 U.S. 534, 540–41, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). The jury clearly adhered to these instructions since it found Nicholas and another co-defendant not guilty on certain charges. This question is not substantial.

■ Brand's remaining questions and the focus of Nicholas's memorandum in support of her motion concern the dismissal of a juror who refused to deliberate. The law is well-settled that the court has discretion to act as it did under these circumstances. See United States v. Kemp, 500 F.3d 257, 304 (3d. Cir. 2007). The court,

after taking testimony, specifically found that the juror, following only a few hours of deliberation, stated to the court's courtroom deputy clerk that he would hang this jury no matter what. He could not possibly have reviewed all of the law and evidence of this five-week trial at the time he made his remark. The court examined the deputy clerk and the juror under oath in the presence of counsel for all parties. The undersigned found the deputy clerk to be credible and the juror not to be credible. Based on the juror's demeanor, it was clear he would not change his attitude and that his intent had been and would continue to be to refuse to deliberate in good faith concerning the law and the evidence. Again, the court has filed a Memorandum on this issue. See Doc. # 603. In essence, Brand and Nicholas are challenging the credibility determinations made by the court. Such a challenge cannot be deemed substantial.

Lastly, Nicholas makes a passing reference to additional questions that she intends to raise on appeal concerning the RICO conspiracy verdict with regard to a single wire fraud scheme and the sufficiency of the evidence on that count. She also points to an appellate issue as to whether the conspiracy to commit wire fraud charged in Count Two was within the statute of limitations or was duplicitous. She further asserts her intent to appeal "various rulings on the admissibility or exclusion of evidence." The court has filed memoranda on many of these questions. Her shot-gun references to these appellate issues, without more, fail to meet her burden to establish that there is a substantial question for appeal.

It must be remembered that the major reason for the Bail Reform Act was to create a presumption against bail pending appeal. Brand and Nicholas would turn the presumption on its head. Based on their

reasoning, any time a defendant raises an issue which is not patently frivolous he or she would be entitled to bail. If defendants convicted of white collar crimes are released as a matter of course pending appeal, the deterrent effect of expeditious sentencing is undermined.

Accordingly, the motions of Brand and Nicholas for bail pending appeal will be denied.

## ORDER

AND NOW, this 20th day of December, 2016, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

(1) the motion of defendant Robert Brand for bail pending appeal (Doc. # 589) is DENIED; and

(2) the motion of defendant Karen Nicholas for bail pending appeal (Doc. # 598) is DENIED.