UNITED STATES of America

v.

Herbert VEDERMAN

CRIMINAL ACTION NO. 15–346–2

United States District Court,
E.D. Pennsylvania.

Filed 12/21/2016

Eric L. Gibson, Jonathan Ian Kravis, United States Department of Justice, Washington, DC, Paul L. Gray, Andrea Foulkes, Bea Witzleben, U.S. Attorney's Office, Philadelphia, PA, for United States of America.

Catherine M. Recker, Robert E. Welsh, Jr., Welsh & Recker, P.C., Amy B. Carver, Welsh Recker PC, Philadelphia, PA, Henry W. Asbill, Jacob M. Roth, James M. Burnham, Julia Sheketoff, Noel John Francisco, Jones Day, Washington, DC, Peter Goldberger, Ardmore, PA, Steven R. Paisner, Paisner Litvin LLP, Bala Cynwyd, PA, for Herbert Vederman.

## MEMORANDUM

Bartle, District Judge.

Before the court is the motion of defendant Herbert Vederman, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3143, for release pending appeal in this political corruption case. The facts of this case are set forth in detail in the court's Memorandum in support of its Order addressing post-trial motions. See generally United States v. Fattah, 223 F.Supp.3d 336, 2016 WL 7839022, 2016 U.S. Dist. LEXIS 145833 (E.D. Pa. Oct. 20, 2016).

Vederman was found guilty by a jury on all eight counts against him, specifically: Count One (conspiracy to commit racketeering), Count Sixteen (bribery conspiracy), Count Eighteen (bribery), Count Nineteen (bank fraud), Count Twenty (false statements to a financial institution), Count Twenty–One (falsification of records), Count Twenty–Two (money laundering), and Count Twenty–Three (money laundering conspiracy). The court thereafter denied his motion for judgment of acquittal or for a new trial on Counts Sixteen, Eighteen, Twenty–Two, and Twenty–Three but granted judgments of acquittal on Counts One, Nineteen, Twenty, and Twenty–One. See id. at *103–04.

On December 12, 2016, the court sentenced Vederman to concurrent 24–month terms of imprisonment on the four counts in issue.[1] The court tentatively scheduled him to self-surrender on January 25, 2017.

The Bail Reform Act provides that the court must detain pending appeal a defendant who has been found guilty and sentenced unless that defendant proves: (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) that his

---

1. The court signed the judgment on December 21, 2016.

or her "appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." See § 3143(b).

■ Our Court of Appeals has explained that under § 3143(b) there is a presumption against bail pending appeal. To overcome the presumption, the defendant must establish:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.[2]

United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985). The Court recognized that "[o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances." See id. at 22 (quoting H.R. Rep. No. 91–907, at 186–87 (1970)).

■ We find that Vederman has established by clear and convincing evidence that he is not likely to flee or pose a danger to any person or the community. Furthermore, we find that the appeal is not for the purposes of delay.

■ Section 3143(b) also requires the court to determine whether any questions to be raised on appeal are substantial. To be substantial, our Court of Appeals "requires that the issue on appeal be significant in addition to being novel, not governed by controlling precedent or fairly doubtful." See United States v. Smith, 793 F.2d 85, 88 (3d Cir. 1986). The absence of controlling precedent is not itself enough to meet this test. See id. A question is substantial if the defendant can demonstrate that it is "fairly debatable" or is "debatable among jurists of reason." See id. at 89 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)); United States v. Handy, 761 F.2d 1279, 1281–82 (9th Cir. 1985). A substantial question is "one of more substance than would be necessary to a finding that it was not frivolous." See Smith, 793 F.2d at 89 (quoting Handy, 761 F.2d at 1282 n.2). Whether a question is substantial should be made on a case-by-case basis. Id. (quoting Handy, 761 F.2d at 1281–82).

Vederman asserts that there is a substantial question as to the correctness of our decision that only harmless error occurred where we instructed the jury concerning official acts under the bribery statute, 18 U.S.C. § 201, with respect to Count Sixteen (bribery conspiracy) and Count Eighteen (bribery). Vederman also contends that the same substantial question arises with regard to Counts Twenty–Two and Twenty–Three, which charged money laundering and money laundering conspir-

---

**2.** In addition, with regard to the fourth inquiry, the court considers whether the defendant has proven that a substantial question determined favorably to him would likely result in a sentence that does not involve imprisonment or a reduced sentence less than the duration of the appeal.

acy related to the bribery offenses charged in Counts Sixteen and Eighteen. The jury instructions on the meaning of "official act" in § 201 focused on the statutory language and were admittedly incomplete and thus erroneous in light of the subsequent decision by the Supreme Court in McDonnell v. United States, —— U.S. ——, 136 S.Ct. 2355, 195 L.Ed.2d 639 (2016).

McDonnell, which was decided six days after the jury reached its verdict in this case, changed existing law by clarifying and narrowing the definition of "official act" in § 201. See id. at 2375. In Section X of our Memorandum explaining our Order addressing the defendants' post-trial motions, we discussed in detail the relevant facts in the light most favorable to the Government as well as the McDonnell decision. See Fattah, 223 F.Supp.3d at 359-367, 2016 WL 7839022, at *17-24, 2016 U.S. Dist. LEXIS 145833, at *52–73. For the reasons stated in the court's Memorandum, we determined that the evidence against Vederman and co-defendants Fattah and Bonnie Bowser was so overwhelming that any error in the jury instructions was "harmless beyond a reasonable doubt." See id. at 354-58, 364-67, 2016 WL 7839022, at *13-15, *22-24, 2016 U.S. Dist. LEXIS 145833, at *40–44, *68–73 (citing United States v. Wright, 665 F.3d 560, 571 (3d Cir. 2012)). With regard to Counts Sixteen and Eighteen, the evidence of co-defendant Fattah's specific and focused acts of governmental power in pursuit of an ambassadorship for Vederman and in the hiring of Vederman's girlfriend on his congressional staff fit squarely within the narrower requirements of McDonnell for official acts so that in our view no new trial was necessary. See id. at 364-67, 2016 WL 7839022, at *22-24, 2016 U.S. Dist. LEXIS 145833, at *68–73. No rational jury, in our view, could have found otherwise.

Nevertheless, we acknowledge that McDonnell, in narrowing the meaning of "official act" in § 201, announced a major change in the legal landscape. In light of this intervening decision of the United States Supreme Court, the question that Vederman seeks to raise on appeal is substantial under § 3143(b), as that provision has been interpreted by our Court of Appeals, even if in our view only harmless error occurred. See Smith, 793 F.2d at 88; Miller, 753 F.2d at 23. Unlike defendant Fattah, if the substantial question is decided favorably to Vederman, he would be entitled to a new trial on all counts on which he was convicted and sentenced.

Accordingly, Vederman's motion for release pending appeal will be granted.

### ORDER

AND NOW, this 21st day of December, 2016, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion of defendant Herbert Vederman for release pending appeal (Doc. # 579) is GRANTED.