**NOT PRECEDENTIAL**
GCO-001-E

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-1682

———————

UNITED STATES OF AMERICA

v.

CALVIN ROEDER,
                                        Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-18-cr-00259-001
District Judge: The Honorable Wendy Beetlestone

———————

Before: SMITH, *Chief Judge*, AMBRO and CHAGARES, *Circuit Judges*

(Filed:  April 1, 2020)

———————

OPINION*

———————

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM.

Calvin Roeder filed an emergency appeal seeking review of the District Court's denial of his motion to postpone his self-surrender date in light of the COVID-19 pandemic. We reversed the District Court's denial on March 29, 2020. We now provide the reasons for our order.

I.

Roeder pleaded guilty to charges of possession and distribution of child pornography under 18 U.S.C. § 2252(a). On February 18, 2020, the District Court entered a judgment sentencing him to 78 months' imprisonment and ordered him to self-surrender to the Bureau of Prisons, at a prison in Pennsylvania, on March 30, 2020.

After Roeder's sentencing but before his surrender date, Pennsylvania, along with the rest of the United States, began experiencing the effects of the COVID-19 pandemic. "COVID-19 is the infectious disease caused by the novel coronavirus."[1] The virus was unknown until an outbreak began in December 2019 in Wuhan, China. The most common symptoms of the illness are fever, tiredness, and a dry cough, which may progress and cause difficulty breathing and respiratory distress.[2] The elderly and those with pre-existing medical conditions are at increased risk of

---

[1] https://www.bop.gov/coronavirus/ (Mar. 30, 2020).
[2] https://www.who.int/news-room/q-a-detail/q-a-coronaviruses (Mar. 30, 2020).

2

severe illness and death from the virus.[3]  On March 11, 2020, the World Health Organization declared COVID-19 a global pandemic.[4]

In response to COVID-19, the Commonwealth of Pennsylvania has suspended schools indefinitely.  In addition, on March 19, 2020, Pennsylvania Governor Thomas Wolf entered an order prohibiting the operation of businesses that are not life sustaining.[5]  On March 23, 2020, residents in several northeastern Pennsylvania counties were ordered to stay home.[6]

On March 25, 2020, Roeder filed a motion in the District Court to delay the execution of his sentence due to the COVID-19 pandemic.  He argued that his surrender should be delayed until May 4, 2020,[7] or until the COVID-19 crisis subsides, "[i]n the interest of the health and safety of Mr. Roeder and every member of the staff of the Federal Prison at Allentown, in addition to their families, and other inmates."  Motion at 3.  Roeder cited no law in support of his request, contending that the "ends of justice" would be served because a delay

---

[3] *Id.*

[4] https://www.who.int/emergencies/diseases/novel-coronavirus-2019/events-as-they-happen. (Mar. 30, 2020).

[5] https://www.governor.pa.gov/wp-content/uploads/2020/03/20200319-TWW-COVID-19-business-closure-order.pdf (Mar. 30, 2020).

[6] https://www.governor.pa.gov/wp-content/uploads/2020/03/03.23.20-TWW-COVID-19-Stay-at-Home-Order.pdf (Mar. 30, 2020).

[7] The motion requests a 30-day postponement (which would fall on April 22, 2020), *see* Motion at 3, and also requests a report date of May 4, 2020, *see id.* at 4. For present purposes, we will assume Roeder intended the later date.

would promote public safety. *Id.* at 4. Later that day, the Government responded that it did not object to Roeder's request.

The next day, March 26, 2020, the District Court summarily denied, without reasoning, Roeder's unopposed motion and directed him to surrender as scheduled on March 30, 2020.

Roeder promptly filed this emergency appeal seeking review of the District Court's order and a postponement of 90 days.

II.

We have jurisdiction to review the District Court's order pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291. *See also* Fed. R. App. P. 9(b) ("A party entitled to do so may obtain review of a district-court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court."). To facilitate our review, Rule 9(a)(1) requires the District Court to contemporaneously "state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case." Fed. R. App. P. 9(a)(1).[8] If there has been a finding by clear and convincing evidence that "the person is not likely to flee or pose a danger to the safety of any other person or

_____

[8] Rule 9(b) of the Federal Rules of Appellate Procedure directs that, where a party seeks review of a District Court order regarding release after a judgment of conviction, the District Court's order is subject to the requirements of Rule 9(a). *See* Fed. R. App. P. 9(b).

4

the community if released," *see* 18 U.S.C. § 3143(a), we may grant relief "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

III.

According to Pennsylvania's Department of Health, a primary strategy for minimizing the spread of COVID-19 is "social distancing."[9] This means avoiding large gatherings of people and keeping at least six feet away from other individuals.[10] It goes without saying that prisons generally are crowded spaces and therefore are less than conducive to the practice of social distancing. During this rapidly evolving public health emergency, there are many valid concerns about the possibility of contagion in prisons.

The Federal Bureau of Prisons (BOP), which is responsible for the custody and care of more than 175,000 federal inmates,[11] has significantly modified its operations in light of the COVID-19 pandemic.[12] It has suspended all social visits, limits inmate movement, screens inmates for symptoms and temperature elevations, and, if present, isolates symptomatic inmates.[13] Due to continuously

---

[9] https://www.health.pa.gov/topics/disease/coronavirus/Pages/Stop-the-Spread.aspx (Mar. 30, 2020)
[10] *Id.*
[11] https://www.bop.gov/about/agency/ (Mar. 30, 2020).
[12] https://www.bop.gov/coronavirus/covid19_status.jsp (Mar. 30, 2020).
[13] *Id.*

5

changing circumstances surrounding the COVID-19 pandemic, it is unclear to what extent these measures have been or will be effective in mitigating spread of the disease. The BOP, like the rest of the country, is still learning how best to deal with this public health threat.

## IV.

Section 3143(a) provides that an individual who has been convicted and sentenced must be detained unless there is a finding "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1).

As Roeder observed in his motion before the District Court,[14] the District Court previously extended the execution of his sentence due to his mother's illness and subsequent death. *See* Motion at 3. In addition, after a very brief imprisonment, the District Court again determined that it was appropriate to re-release him to home detention. *Id.* Most recently, the Government filed a non-opposition to his motion before the District Court, an implicit concession that it continues to be the case that Roeder is unlikely to flee or pose a danger to anyone in the community if his surrender date is delayed. *See* 18 U.S.C. § 3143(a).

---

[14] On appeal, Roeder provided a notably more substantial motion than he did in the District Court. In issuing our order, however, we explicitly refused to take cognizance of arguments proffered for the first time in his submission to our Court.

Because the District Court previously concluded that there was clear and convincing evidence that Roeder poses neither a flight risk nor a danger to the community, and because the Government implicitly agreed with this determination,[15] the District Court should have explained why it denied Roeder's request for an extension of his self-surrender date in light of the COVID-19 pandemic. Unfortunately, the District Court provided no reason whatsoever for its ruling. Instead, it summarily denied Roeder's unopposed motion without further discussion.

V.

We are tasked with reviewing the District Court's decision to deny an unopposed motion. Although we must independently determine whether relief is appropriate, we give careful consideration to the reasons offered by the District Court. *See, e.g.*, *United States v. Smith*, 793 F.2d 85, 87 (3d Cir. 1986) (reviewing a district court order regarding bail pending appeal); *United States v. Delker*, 757 F.2d 1390, 1400 (3d Cir. 1985) (reviewing a district court order of detention pending trial). Our task is hampered in this case by the District Court's lack of substantive reasoning. We simply cannot say whether it adequately considered

---

[15] Although the Government now argues to us that the District Court's order was within its authority, the Government has not indicated that it has changed its apparent view that Roeder does not pose a flight risk or a danger to the community.

Roeder's motion and applied the requirements of 18 U.S.C. § 3143, as it was required to do.

Under ordinary circumstances, it would be our preference to vacate the District Court's order and permit it to provide substantive conclusions concerning the merits of Roeder's motion. These are not, however, ordinary times. In light of the exigent circumstances surrounding the COVID-19 pandemic and the timing of our ruling (less than 24 hours before Roeder's scheduled surrender date), we were compelled to grant relief and reverse the District Court's order—even though the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence.[16]

While the COVID-19 pandemic has given rise to exceptional and exigent circumstances that require the prompt attention of the courts, it is imperative that they continue to carefully and impartially apply the proper legal standards that govern each individual's particular request for relief. If, in the future, Roeder seeks an additional modification of his self-surrender date, we expect that the District Court will provide an adequately reasoned decision so that, if an appeal follows, we may engage in a thorough appellate review.

---

[16] Similarly, the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit.